WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURRO-GATE.—March, 1881.

HEILMAN *v.* JONES.

*In the matter of the probate of the will of* DAVID JONES, *deceased.*

A creditor of a testator, not being a proper party to proceedings for the probate of his will, cannot invoke the authority conferred upon the court by Code Civ. Pro., § 2481, subd. 6, to open, vacate, etc., the decree admitting the will. Nor, *it seems,* can he ask for revocation of probate, under § 2647, permitting such an application by "a person interested in the estate."

*It seems,* that chapter 18 of that Code nowhere authorizes revocation of

probate for want of jurisdiction; and that a decree granting probate, upon a petition showing jurisdiction by reason of decedent's residence in the county, after citation of the necessary parties, is conclusive on the question of such residence, except upon appeal.

APPLICATION to revoke probate of a will.

On January 21, 1881, a verified petition was presented to the court, setting forth, among other things, that David Jones was, at the time of his death, a resident of the county of Westchester ; that he died in the city of New York on January 17, 1881, and alleging that the Surrogate of Westchester had jurisdiction to take the proof of the will, etc. ; and praying for the issuing of a citation, in the usual form.

The citation was accordingly issued, and was duly returned, with proof of service on all the persons required by statute to be cited. Thereupon, no objection being made by any of the persons so cited, the will was proven, admitted to probate, and letters testamentary duly issued to the executors.

On March 9, 1881, Elizabeth Heilman, claiming to be a creditor of the testator to the amount of $10,000, procured an order, based upon an application in which she alleged such indebtedness, and that the testator was, at the time of his death, a resident of the city and county of New York, requiring the executors to show cause why the probate of said will should not be revoked, on the ground that the Surrogate of Westchester had no jurisdiction in the premises.

E. MARSHALL PAVEY, *for petitioner.*

MARTIN J. KEOGH, *for executors.*

THE SURROGATE.—The cases in which application

may be made for the revocation of the probate of a will are specified in section 2647 of the Code. The grounds are two only : 1st, allegations against the validity of the will ; 2d, the competency of the proof thereof.

On the presentation of a petition under this section, citations must be issued to the executors, all the devisees, legatees and other persons mentioned in section 2649. The executors are the only persons brought into court, in this matter. It is quite apparent, therefore, that as no allegations are made against the validity of the will, nor the competency of the proof, this is not a proceeding under article 2 of chapter 18. That chapter nowhere confers upon this court the power to revoke a probate for lack of jurisdiction ; but by subdivision 6 of section 2481, authority is conferred upon it to open, vacate, or set aside a decree or order, in like case and in the same manner as a court of general jurisdiction may exercise such powers. Can a creditor of the deceased, who was not, and could not properly be, a party in the probate proceeding, raise this question of jurisdiction now, when it has already been passed upon without objection from any one who had a right to make it ? I think not.

The petition showed that the testator was a resident of this county. On the return day of the citation, had any person cited raised this question of residence, which is jurisdictional, I should have deemed it my duty to try and determine it, as I have repeatedly done in other cases ; but were the order, admitting the will to probate, to be opened or vacated under the authority contained in above subdivision 6, this applicant, not being a party to the proceeding in which that order was made, could not

be heard in reference to any new order, any more than she could have been in the original proceeding.

As has been stated, had any issue been made as to the question of jurisdiction, by a proper party, it would have been tried and disposed of, and an appeal could have been taken by any party feeling aggrieved thereby. I know of no other mode by which the question can be determined.   Jurisdiction having been conferred by the verified petition, all proper parties having been duly notified, the will admitted to probate, and the executors having entered upon the discharge of their duties, this court has no option in the matter, but must retain control to the end.

It is provided by section 2474 of the Code, that "the Surrogate's court obtains jurisdiction in every case by the existence of the jurisdictional facts prescribed by statute, and by the citation or appearance of the necessary parties;" and, by section 2475, that "jurisdiction, once duly exercised over any matter, by a Surrogate's court, excludes the subsequent exercise of jurisdiction by another Surrogate's court over the same matter."

In the case of Monell v. Dennison (17 *How. Pr.*, 422), the court, speaking in reference to a question relating to the jurisdiction of a court like this, says: "Where the jurisdiction of a subordinate tribunal, having cognizance of the general subject, has attached by the presentation of a verified *prima facie* case, and by the appearance of the parties, its decision, even on a *quasi* jurisdictional fact, such as that of inhabitancy, must be conclusive, unless reversed on appeal."

I must confess my utter inability to comprehend what advantage the applicant could hope to derive from

a shifting of jurisdiction. Her claim is $10,000 against an estate estimated to be of the value of at least $10,000,000. Surely, if her claim be just, there can be no reasonable doubt of its recovery, here or elsewhere.

The application must be denied, with costs against her, to be taxed.

Ordered accordingly.