NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—February, 1883.

### DREXEL V. BERNEY.

*In the matter of the estate of* ROBERT BERNEY, *deceased.*

The authority of a Surrogate's court to revoke letters testamentary upon petition is derived exclusively from Code Civ. Pro., § 2685.

A debtor to the estate of a decedent is not a "person interested" therein, within the meaning of the provision of that section permitting a person so interested to apply for the revocation of letters issued to one as executor of the decedent's will.

*It seems*, that there is no statutory provision, under which one whose relation to such an estate is that of a debtor or possible debtor thereto can be recognized as entitled to be heard in opposition to a grant of letters thereon; and claims for the revocation of letters should not receive more favorable consideration than objections to the grant thereof.

PETITION by Francis A. Drexel and others for the revocation of letters testamentary issued to decedent's widow, Louisa Berney. The facts appear sufficiently in the opinion.

TRACY, OLMSTEAD & TRACY, *for petitioners.*

LORD, DAY & LORD, *for executrix.*

THE SURROGATE.—This is a petition for the revocation

of letters testamentary issued out of this court to decedent's widow, Louisa Berney, on the 25th of May, 1881. The testator died at Paris, France, in the year 1874, leaving a will and codicil, wherein he appointed, as his executors, his brother James Berney and others, and as his executrix, Louisa Berney, his wife.

In February, 1875, certain proceedings were had in a probate court in the State of Alabama, whereby the will and codicil were there admitted to probate. James Berney was subsequently granted ancillary letters testamentary by this court. In July, 1880, he died. In May, 1881, letters testamentary were issued by the Surrogate of this county to Louisa Berney, under circumstances disclosed in the moving papers. On the 22d of June, 1875, Drexel, Morgan & Co., bankers, of this city, received from Cazade, Crooks & Reynaud, claiming to be the lawful attorneys of James Berney, executor, certain United States bonds, of the face value of two hundred thousand dollars, which were registered in the name of Robert Berney, the decedent. Louisa Berney, as executrix, lately commenced, in the United States Circuit court of this district, a suit against Drexel, Morgan & Co. and others, for the conversion of the bonds in question. The defendants in that action sought to maintain that the letters testamentary of Louisa Berney were illegal and void, upon certain grounds which are among those alleged in the present proceeding, as a cause for the revocation of such letters. It was, however, held that the validity of Mrs. Berney's appointment could not be attacked in the United States court, and it was intimated that, if the parties desired relief of that nature, they must seek it in this tribunal. The affidavits and

papers which have been submitted upon the present motion are very voluminous, and raise many interesting and important issues as to the validity of the original probate in Alabama, the effect of certain proceedings in the English courts and in French tribunals, the validity of the letters issued to the executrix, etc.

In the view, however, which I am compelled to take of this case, it is necessary to pass upon only one of the questions submitted for my determination. The claim of the counsel for Mrs. Berney, that the petitioners have no such relation to this estate as empowers them to maintain a proceeding for the revocation of her letters, seems to me to be well founded. I feel compelled to hold that, within the limitations of the Code of Civil Procedure, *debtors* of an estate (and it is only as *debtors*, or as *possible debtors*, that these petitioners apply) have no right to make themselves parties to such a proceeding as the present.

The authority of the Surrogate's court to revoke testamentary letters is solely derived from section 2685. That section empowers such a court, from which letters testamentary have been issued, to revoke the same for certain specified causes; and it also establishes the procedure by which, in such cases, the action of the court must be invoked. It requires that, at the outset, there shall be filed a petition praying for revocation, and stating the grounds upon which it is sought. Leave to file such petition is conferred, by the statute, upon " *a creditor or person interested in the estate* of the decedent," and upon nobody else.

Now, who is " a person interested in the estate," within the meaning of section 2685?

Whatever might be deemed the fair interpretation of this expression, if it stood alone, its association with the term "creditor" seems to demand for it a narrower construction than that for which these petitioners contend, and a construction which must exclude them, in the present controversy, from obtaining the relief which they ask; for, as has been already intimated, the status of the petitioners is, in effect, that of debtors, or possible debtors, to this estate. Now, nobody would contend that a debtor could, with any greater propriety than a creditor, be classed in the category of "persons interested." If that term, therefore, is broad enough of itself to include debtors, it is certainly broad enough to include creditors; and the fact, that the latter class are expressly mentioned in the statute, is a forcible argument in favor of the view that neither they nor debtors were designed to be embraced in the term "persons interested in the estate." This view is confirmed by an examination of other parts of the Code.

Section 2514 is entitled "Definitions of expressions used in this chapter." "The expression persons interested," says subdivision 11, "when it is used in connection with an estate or fund, includes every person *entitled, either absolutely or contingently, to share in the estate* or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise, except as creditor."

It seems obvious that the phraseology of section 2685 was chosen with direct reference to this definition, and that it was deemed necessary, in order to extend to creditors the benefit of that section, to name them expressly in the statute. But debtors are neither named expressly

in section 2685, nor are they included within the category of "persons interested," as defined in section 2514.

The petitioners in the present case are not "entitled to share, either absolutely or contingently, in the estate" of this decedent.

An examination of other sections of the Code confirms the views which have been declared already. For example:

(*a*) Section 2636 provides that, after a will has been admitted to probate, the person named therein as executor . . . is entitled to letters testamentary thereupon, unless, before the letters are granted, "a creditor of the decedent, or a person interested in the estate," makes objection in the manner specified in the section.

(*b*) In regard to intestate estates, the Code, after prescribing who shall be cited in a proceeding for the grant of letters of administration, provides (section 2665) that any "person interested," though not cited, may make himself a party.

(*c*) Section 2698 declares that, upon a petition for ancillary letters, creditors resident within the State shall be cited, and that "any such person" (that is, any creditor) may appear and contest the application.

There is no statutory provision, under which persons whose relation to a decedent's estate is like that of these petitioners, can be recognized, as entitled to be heard in opposition to the grant of either original or ancillary letters testamentary or letters of administration. And no good reason can be urged why claims for the revocation of such letters should receive more favorable consideration than would have been accorded them, if they had

been interposed in opposition to the original issue of such letters.

The arguments by which petitioner's counsel seeks to maintain his contention would be almost equally effective in support of a debtor's claim to become a party to proceedings for probate of his creditor's will.

I have never heard of an instance where persons, by reason of their being indebted to a decedent's estate, have claimed the right to contest his will.    But claims of that sort have been made by creditors, and seem to have been uniformly rejected by the courts (Menzies v. Pulbrook and Ker, *2 Curteis, 845;* Taff v. Hosmer, *14 Mich., 249;* Heilman v. Jones, *5 Redf., 400;* Elme v. Da Costa, *1 Phill., 173*).    See Fosdick v. Delafield (*2 Redf., 404*); Fisher v. Bassett (*9 Leigh* [Va.], *133*).

This petition must be denied.