In re SULLY et al.

(District Court, S. D. New York. December 28, 1905.)

No. 6,873.

1. BANKRUPTCY—RE-EXAMINATION OF CLAIMS.

After the appointment of a trustee in bankruptcy he alone is authorized to institute proceedings for the reconsideration of claims.

2. SAME—VALIDITY OF ADJUDICATION—SOLVENCY OF BANKRUPT.

Where the act of bankruptcy charged is the making of a general assignment for the benefit of creditors the question of insolvency is immaterial, and the fact of solvency if shown would not affect the validity of the adjudication.

3. SAME—RIGHT TO INTERVENE—PARTIES IN INTEREST.

A debtor sued by a trustee in bankruptcy is not a party in interest in the bankruptcy proceedings, nor entitled by reason of his interest in the suit to intervene in the bankruptcy proceedings to file objections to and litigate the claims of creditors, to attack the validity of the adjudication for the purpose of defeating the right of the trustee to maintain the suit or to demand an examination of the bankrupt's books, which is a matter properly within the province of the court in which the suit is pending.

4. SAME—RIGHT OF CREDITORS TO EXAMINE BOOKS.

An application by a creditor for leave to examine the books of a bankrupt in the hands of his trustee should be denied where it fairly appears that it is not made in good faith in his own interest but in the interest of one not a creditor, and who has no right to such examination.

In Bankruptcy.

See 133 Fed. 997.

These were petitions to review four orders made by the referee, one upon a petition by Edwin Hawley and Frank H. Ray, for leave to file objections to the claims of the Cotton Exchange creditors of the bankrupts; another by

McCormick, Berg, and Cahn, three creditors for small amounts, for the same purpose; another by Hawley and Ray, for leave to examine the bankrupts' books and papers in the possession of the trustee; and another by the three creditors McCormick, Berg, and Cahn, for the same purpose. Hawley and Ray did not claim to be entitled to share in the bankrupts' estate, as creditors, lienors, or otherwise.

Boothby & Baldwin (John W. Boothby, of counsel), for trustee.

Henry W. Taft and Turner, Rolston & Horan (George Coggill, Gordon Knox Bell, and Edward H. Blanc, of counsel), for Reinhard Siedenberg & Co., Stephen M. Weld & Co., and other creditors.

Davies, Stone & Auerbach (Julien T. Davies, Abram I. Elkus, and Garrard Glenn, of counsel), for Edwin Hawley, and Frank H. Ray, and creditors McCormick, Berg and Cahn.

HOLT, District Judge. I think that the order authorizing Hawley and Ray to file objections to the claims proved by the Cotton Exchange creditors, and to litigate the question of their validity, was erroneous for the following reasons:

First. The trustee alone is authorized to institute proceedings for the re-examination and expunging of claims. Re Lewensohn, 121 Fed. 538, 57 C. C. A. 600.

Second. Hawley and Ray are not parties in interest, within the meaning of that term as used in the bankrupt act. Re Columbia Real Estate Co., 4 Am. Bankr. R. 411–417, 112 Fed. 643, 50 C. C. A. 406; Dressel v. North State Lumber Co. (D. C.) 9 Am. Bankr. R. 541, 119 Fed. 531; Lewis v. Cook, 150 N. Y., 163, 44 N. E. 778; Matter of Brown, 47 Hun, 360; Swan v. Piquet, 3 Pick. 443; Augusta, etc., Co. v. Peacock, 56 Ga. 146; Drexel v. Berney, 1 Dem. Sur. 163.

Third. Hawley and Ray, in my opinion, are not parties in interest in any sense. Their claim, as I understand it, is that their defense to the pending action brought against them by the trustee, that a settlement had been made with the bankrupt before the bankruptcy, which they claim would be valid as a defense to a suit by Sully if no bankruptcy had occurred, may be impaired or affected by the fact that it was a settlement made with a person alleged to be insolvent, within four months before the bankruptcy. They claim, therefore, that they have an interest to establish, by proving that the Cotton Exchange creditors have no valid claims, that Sully & Co. and Sully are solvent, that therefore the trustee has no right to maintain the action against them, and that thereby their defense of a valid settlement will be established. But, in the first place, the act of bankruptcy charged in the petition, and upon which the adjudication followed, was the fact that Sully & Co. had made an assignment for the benefit of creditors. Such an act is an act of bankruptcy, irrespective of the question whether the assignor is solvent or insolvent. West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098. Therefore, if all the claims of the Cotton Exchange creditors were expunged, and it were established that Sully & Co. and Sully, at the time of the bankruptcy were solvent, and are now solvent, that would not affect in any way the validity of the adjudication in bankruptcy. In fact, in any case of bankruptcy, if it turns out that the estate will pay more than 100

cents on the dollar, and that there is a surplus returnable to the bankrupt, that does not affect the validity of the adjudication. The adjudication in bankruptcy determines the status of the bankrupt as against the world, and a trustee, upon his appointment and qualification, is vested by law with the title to the bankrupt's property, including claims against debtors of the bankrupt. Therefore, so long as the adjudication remains in full force, the trustee, and the trustee alone, has the legal right to sue debtors of the bankrupt. If, therefore, in this case the contemplated proceedings were taken, the invalidity of the creditors' claims established, and the solvency of the bankrupts shown, I cannot see that Hawley and Ray would be in any different position, in the defense of their action, than they are now, or that they have, in fact, any kind of an interest in the question whether the Cotton Exchange creditors have valid claims or not. Even if the act of bankruptcy upon which the adjudication was made had been one in support of which it is essential to establish the insolvency of the bankrupt, the result, in my opinion, would not be different. It would be an intolerable practice to permit any debtor sued by a trustee, by reason of his interest in the result of the suit, to intervene in bankruptcy, file objections to and litigate the claims proved by creditors, or to take any measures to interfere with the proceedings or to annul the adjudication, in order to defeat the right of the trustee to maintain the action. Such a practice would give rise to interminable delay and expense in the settlement of estates. It never has been permitted under any previous bankrupt act, and, in my opinion, is not permitted by the present act.

I think that the order permitting the actual creditors, McCormick, Berg and Cahn, to intervene, was erroneous because: First. No one but the trustee has any right to institute proceedings to re-examine claims. Re Lewensohn, supra. Second. The petitioners, having waited over six months after the institution of bankruptcy proceedings, and until after two dividends have been declared, and one of them paid, have been guilty of such laches in making the application, even if they had a right to make it, that it should be denied. Third. The evidence shows, in my opinion, that the application is not made in good faith by such creditors, in their own interest, and for the protection of their own claims, but that they have simply permitted the applications to be made in their names by Hawley and Ray, in aid of the proceedings instituted by Hawley and Ray at the same time, to obtain the same result.

I think that the order authorizing Hawley and Ray to examine the books was erroneous because they are not parties in interest in the case, and have no standing to demand such an examination. Moreover, the proper court to apply to for such an investigation is the court in which the action against them is pending. If it be a fact, as stated in the trustee's brief, that such an application has been made in that court and denied, that is an additional reason for refusing a similar application in this court. I think that the order permitting the creditors to examine the books and papers was also erroneous. Ordinarily, creditors have an absolute right under the act to examine

142 F.—57

all the books and papers relating to the estate, in the possession of the trustee. But the evidence in this case satisfies me that the application is not made by the creditors in good faith, for the purpose of promoting any actual interest which they have in the estate; but that, in fact, these creditors have permitted Hawley and Ray to make the application in their name, to subserve the objects of Hawley and Ray. Under such circumstances, such an application should be denied. Re Andrews (D. C.) 12 Am. Bankr. R. 268, 130 Fed. 383; Lowenstein v. Henry McShane Mfg. Co. (D. C.) 12 Am. Bankr. R. 601, 130 Fed. 1007; Re Tallerman, Ex parte Rooney, 58 Law Times, 886.

My conclusion is that all four of the referee's orders should be reversed, and the petitions upon which they were made denied.