Maximilian Moss, S.
On March 26, 1958 a petition verified by the decedent’s widow was filed with this court seeking letters of administration, setting forth amongst other things that the decedent was a resident of this county and that the decedent’s only distributees were his widow and one daughter who waived issuance of citation.
*337 On May 27, 1958, the decedent’s brother claiming to be a creditor of the decedent procured an order based upon a petition in which he alleged that decedent was at the time of his death a resident of Monticello, Sullivan County, and requiring the administratrix to show cause why the decree awarding letters of administration should not be vacated and the proceedings transferred to Sullivan County.
A creditor of the deceased was not a proper or necessary party to the administration proceeding and therefore has no standing in this proceeding to move to vacate the decree granting administration to decedent’s widow (Heilman v. Jones, 5 Redf. 398; Matter of Heidinger, 241 App. Div. 733; Matter of Ogden, 11 Misc 2d 1010).
The motion is denied. Settle order on notice.