## Case No. 11,200.

### In re PLACE et al.

[8 Blatchf. 302: [1] 4 N. B. R. 541 (Quarto, 178); 3 Chi. Leg. News, 218.]

Circuit Court, S. D. New York. April 1, 1871.

APPEAL IN BANKRUPTCY — FAILURE TO COMPLY WITH REQUIREMENTS OF ACT—REVIEW— ACT MARCH 2. 1867.

1. The claim of a creditor of a bankrupt was rejected by the district court. Within ten days after the decree to that effect, the creditor claimed an appeal from such decision, and gave notice thereof, as required by section 8 of the bankruptcy act of March 2d, 1867 (14 Stat. 520), but he did not file in this court the statement required by section 24 of the act and rule 26 of the general orders in bankruptcy, nor enter the appeal in this court during the ten days limited by said rule 26. *Held*, that the appeal must be dismissed.

[Cited in Re McEwen, 4 Fed. 16.]

2. After the expiration of ten days from the time of giving notice of the appeal, the creditor filed, in this court, a petition for the review of such decision of the district court: *Held*, that such decision could be reviewed only by an appeal taken in the manner prescribed by sections 8 and 24 of the act and said rule 26, whereon a trial by jury could be had in this court.

[Cited in Re Joseph, Case No. 7,532; Thistle v. Hamilton, Id. 13.884.]

3. Such petition for a review could not be treated as the statement so required, even assuming that it was filed within the time prescribed.

[In the matter of James K. Place and James D. Sparkman, bankrupts.]

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

Francis N. Bangs, for the motion.
Thomas C. T. Buckley and James K. Hill, opposed.

WOODRUFF, Circuit Judge. The claim of the firm of C. P. Fischer & Company, as creditors of James D. Sparkman [to the amount of about $46,000],[2] was rejected by the district court, and a decree to that effect was entered in that court, on the 25th of June, 1870. On the 5th day of July thereafter, the said firm, so claiming to be creditors, claimed an appeal from the decision of the district court, and gave notice thereof as required by section 8 of the bankrupt law. But, instead of following up their appeal by entering the same in this court, and filing therewith, within the ten days limited therefor, a statement in writing of their claim, setting forth the same substantially as in a declaration for the same cause of action at law, to which the assignee should plead and the cause proceed to trial as in an action at law commenced and prosecuted in the usual manner in this court—which, by section 24 of the act and rule 26 of the general orders in bankruptcy, such claimants are required to do—they did nothing by way of statement or declaration, and did not even enter such appeal in this court during the said ten days, nor have they at any time since filed such statement or declaration. Both the statute and the rule require that the statement shall be filed when the appeal is entered in this court. [The assignee now moves to dismiss the appeal.] [2]

I have heretofore held in Re Coleman [Case No. 2,979], in the Northern district of New York, that non-compliance with the provisions of sections 8 and 24 and of rule 26, were grounds for dismissing an appeal, or attempted appeal, to this court; and I find no reason to doubt the correctness of my decision in that case.

The counsel for the claimants appears, in this case, to have adopted another practice than that prescribed in sections 8 and 24 for the review of the decision made by the district court. After the ten days had expired, which are allowed to perfect the appeal, and on the 16th of July, he filed a petition for the review of that decision, as in cases provided for in section 2 of the act. In this, he has overlooked, or has not fully considered, the language of that section. The power of review given by that section is broad, but the mode of review by petition, bill, &c., there mentioned, is expressly confined to cases in which no special provision is otherwise made. For the case of persons claiming to be creditors, but whose claims are, on the one hand, rejected, or, on the other, allowed, special provision is made by sections 8 and 24; and these sections contemplate not a mere review of the adjudication in the district court, but a trial of the questions of

[2] [From 4 N. B. R. 541, and 3 Chi. Leg. News. 218.]

fact by a jury, upon pleadings and an issue, or an issue of law, if there shall be a demurrer. It was plainly intended to give to the party claiming to be a creditor and to the assignee contesting a claim, the privilege of such a trial.

It is suggested that the claimants should now be permitted to treat the petition for a review as such a statement as the statute requires. If the objection that it was not filed within the ten days prescribed by the general orders in bankruptcy could be obviated, by the assumption of this court to extend the rule or relieve from the consequences of disregarding it, it would not avail the appellants. The petition for review is neither in form or substance a declaration upon the supposed cause of action, to which the assignee can plead and go to trial. It is a statement of what took place in the district court, and avers that the proceedings there are erroneous. It requires that the proceedings in that court be brought into this court for examination, not upon any issue which can be tried by a jury, but upon the record and minutes of the proceedings; and, accordingly, the clerk of that court has returned those proceedings, and they are placed before me on this motion. If any further contest was to be had after the rejection of the claim, the assignee had the right that it not only be expedited in accordance with the general design of the bankrupt law to bring the settlement of estates to a conclusion as speedily as practicable, but also to have the further examination of the claim conducted like an ordinary action at law, in which, if the facts are disputed, there may be a trial by jury.

The appeal must be dismissed.

[This cause was again heard on appeal, when the appeal was dismissed, without costs. Case No 11,201.]