[For subsequent proceedings in this litigation, see Cases Nos. 14,200, 14,202, and 14,203.]

---

## Case No. 14,202.

### In re TROY WOOLEN CO.

[9 Blatchf. 191.][1]

Circuit Court, N. D. New York. Oct. 11, 1871.

BANKRUPTCY—REVIEW—RIGHT OF OBJECTING CREDITOR TO CONTEST CLAIM.

A claim proved in the district court against the estate of a bankrupt was contested by the assignee and a creditor, and was allowed by that court. The objecting creditor then petitioned this court, under the 2d section of the bankruptcy act of March 2d, 1867 (14 Stat. 518), to review the decision of the district court allowing the claim, and to disallow the claim: *Held*, that the petition must be dismissed; that the 2d section of the act confers jurisdiction on this court to review, in the manner prescribed by such section, the decisions of the district court, only in cases where special provision is not otherwise made by the act for the review of such decisions; that the 8th section of the act makes provision for a review of the decision of the district court allowing the claim of a creditor, by authorizing an appeal to this court, by the assignee, from such decision; and that, although the 22d section gives to a creditor the right to institute an investigation into the validity of the claim of another creditor, yet, when an investigation has been had, and a decision as to the validity of the claim has been made by the district court, the right of the objecting creditor to contest the claim ceases, and any further proceeding to review the decision must be taken by the assignee, by appeal, under the 8th section.

[Cited in Re Boston. H. & E. R. Co., Case No. 1,677.]

In this case, the firm of Cooper, Vail & Co. proved against the estate of the bank-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

rupts, in the district court, a claim amounting to $67,252.22, for a balance due on account of advances made by them to the bankrupts, on consignment of manufactured goods. This claim was contested by the assignee and by an objecting creditor. On a reference to ascertain its validity, the referee reported in favor of it. The assignee and the objecting creditor filed joint exceptions to the report, and the district court overruled the exceptions, and confirmed the report. The objecting creditor then petitioned this court, under the 2d section of the bankruptcy act of March 2d, 1867 (14 Stat. 518), to review the decision of the district court allowing the claim, and to disallow the claim. Cooper, Vail & Co. now moved to dismiss such petition.

[For prior proceedings in this litigation, see Case No. 14,201].

William E. Curtis and James S. Stearns, for the motion.

Amasa J. Parker and Edward F. Bullard, opposed.

THE COURT (WOODRUFF, Circuit Judge) held, that the petition must be dismissed; that the 2d section of the act confers jurisdiction on the circuit court to review, in the manner prescribed in such section, the decisions of the district court, only in cases where special provision is not otherwise made by the act for the review of such decisions; that the 8th section of the act makes provision for a review of the decision of the district court allowing the claim of a creditor, by allowing an appeal to the circuit court, by the assignee, from such decision; and that, although the 22d section gives to a creditor the right to institute an investigation into the validity of the claim of another creditor, yet, when an investigation has been had, and a decision as to the validity of the claim has been made by the district court, the right of the objecting creditor to contest the claim ceases, and any further proceeding to review the decision must be taken by the assignee, by appeal, under the 8th section.

[See 20 Wall. (87 U. S.) 171. For subsequent proceedings in this litigation, see Cases Nos. 14,200 and 14,203.]