Case of JOSE FERREIRA DOS SANTOS.

[See Case No. 4,016.]

## Case No. 7,532.

### In re JOSEPH.

[2 Woods, 390.] [1]

Circuit Court, S. D. Georgia. June Term. 1875.

[1] [Reported by Hon. William B. Woods. Circuit Judge, and here reprinted by permission.]

H. R. Jackson, A. R. Lawton, and W. S. Basinger, for the motion.

Charles N. West, contra.

Before BRADLEY, Circuit Justice, and WOODS, Circuit Judge.

WOODS, Circuit Judge. E. Waitzfelder & Co., claiming to be creditors of the bankrupt, proved their debt before the register. Cochran, McLean & Co., who it is was conceded were bona fide creditors of the bankrupt, moved the register to expunge the proof of the claim of Waitzfelder & Co., and testimony having been taken by both parties, the register, by agreement, referred the matter to the judge of the district court. After hearing the evidence, the district judge refused to grant the motion to expunge. Thereupon, Cochran, McLean & Co. filed their petition under the second section of the bankrupt act, alleging that they were aggrieved by the decision of the district judge, and praying a review and reversal of his order. The revision sought was upon the same motion and evidence as that submitted to the district judge. Waitzfelder & Co. now move this court to dismiss the petition on the ground that the case is not within the revisory jurisdiction of the circuit court, and this motion presents the question now to be determined. The second section of the bankrupt act (Rev. St. § 4986), declares that "the circuit court for each district shall have a general superintendence and jurisdiction of all cases and questions arising in the district court for such district when sitting as a court of bankruptcy * * * and, except when special provision is otherwise made, may upon bill, petition, or other proper process of any party aggrieved, hear and determine the case as in a court of equity." Two points are presented by this section for solution: (1) Whether one creditor is authorized to make a case or question by opposing the allowance of the debt of another creditor, and (2), if the bankrupt court has overruled his opposition and allowed the debt, whether any "special provision is otherwise made" except by petition of review, by which he can take the case or question to the circuit court for revision.

Upon the first point, it seems clear that one creditor may oppose the allowance of the claim of any other creditor. There is a fixed amount of assets, out of which the creditors are to be paid pro rata. Each one

is interested in diminishing the claim of every other, for the less the claims of others, the greater will be his own dividend. And the bankrupt act makes direct provision for the intervention of one creditor against the claim of another. Section 22 (Rev. St. § 5881) provides that "the court may, upon application of the assignee, or of any creditor, or of the bankrupt, examine upon oath the bankrupt, or any person tendering, or who has made proof of a claim, and may summon any person capable of giving evidence concerning such proof, or concerning the debt sought to be proved, and shall reject all claims not duly proved, or where the proof shows the claim to be founded in fraud, illegality or mistake." Here is ample warrant for a creditor to intervene and contest the allowance by the district court of the claim of any other creditor. His intervention and opposition raise a case or question in the bankrupt court, and of such case or question the circuit court has revisory jurisdiction by bill, petition, or other proper process, unless special provision is otherwise made therefor. Is provision otherwise made in the case where one creditor, without the concurrence of the assignee, opposes the allowance of the claim of another creditor? Section 8 (Rev. St. § 4980) of the bankrupt act furnishes the only special provisions for the removal of causes or questions in bankruptcy from the district to the circuit court. It provides that appeals may be taken from the district to the circuit courts in all cases in equity, and writs of error, from the circuit courts to the district courts, may be allowed in cases at law arising under the jurisdiction created by the bankrupt act, when the debt or damages claimed amount to more than five hundred dollars; and any supposed creditor whose claim is wholly or in part rejected, or an assignee who is dissatisfied with the allowance of a claim, may appeal from the decision of the district court to the circuit court for the same district. Here is no provision for any appeal or other revisory proceeding by a creditor who is dissatisfied with the allowance of a claim. The assignee may appeal, but a contesting creditor cannot. When a creditor opposes a claim, he raises a case or question. If it is decided against him, the circuit court has jurisdiction to revise it by bill or petition, unless special provision is otherwise made. But, as we have seen, there is no special provision made for such a case, and it follows that the case or question must be reviewed, if at all, by bill, petition, or other proper process under the second section.

The policy and express provision of the bankrupt act is, to allow a review by the circuit court of every case or question not lodged exclusively in the discretion of the district court, arising in the administration of the bankrupt act by the district court, except where provision has been made for an appeal or writ of error. No more compre-

hensive language could be found, to embrace every controversy arising in the course of the bankrupt proceedings, than that used in the section conferring revisory power upon the circuit court. I am of opinion, therefore, that the opposition by one creditor to the allowance of the claim of another creditor, makes a case or question under the bankrupt act; that if the claim is allowed in spite of the opposition of the contesting creditor, no appeal is allowed him, nor other special provision for removing the case or question to the circuit court, and that he may, therefore, by virtue of the provisions of the second section, take the case or question to the circuit court by bill, petition, or other proper process.

In opposition to the views expressed, we have been cited to the following cases: In re Troy Woolen Co. [Case No. 14,202]; In re Place [Id. 11,200]. In the first case the assignee joined with a creditor in contesting the claim of another creditor, and as the assignee refused to appeal from the allowance of the claim, as he might have done, the court decided that the creditor could not resort to his petition of review. It must be admitted that this case is in point against the views expressed, and that the opinion of the court by which it was decided is entitled to great respect. The case just mentioned appears to involve the same controversy, in a somewhat different shape, that was decided by the United States supreme court in Bank v. Cooper, 20 Wall. [87 U. S.] 171. The proceeding appealed from was a bill filed in the circuit court by the creditor to contest the allowance of the claim of another creditor made by the district court. The supreme court held that, as an original bill, it was without equity. It was then suggested that it might be good as a petition under the second section of the bankrupt act. The court declined to decide whether the case made by the bill presented a proper one for review under that section. But although the bill was demurred to for want of jurisdiction, the court did not decide that a creditor contesting the claim of another creditor could not review by petition in the circuit court, the allowance of the claim by the district court. The other case cited, namely, In re Place [supra], only decides that when the claim of a creditor is disallowed, he must take the case to the circuit court by appeal, and not by petition of review.

Basing my decision upon the express words of the bankrupt act, I am of opinion that under the facts of this case, Cochran, McLean & Co. had the right to take the decision of the district court allowing the claim of Waitzfelder & Co. to the circuit court, by petition of review. It has occurred to me that as the assignee has the right to appeal, and the opposing creditor to proceed by petition of review to have the allowance of the claim of another creditor reversed, it is possible that both these remedies might be re-

sorted to at the same time, and thereby present the same controversy to the circuit court in two different forms, and involving different methods of trial. But this difficulty, if it should ever arise, may be avoided by the exercise of the discretion of the circuit court in determining which form of proceeding should be retained. Practically, I think no embarrassment could arise from the case supposed.

The result of these views is, that the motion to dismiss must be overruled.