### In re GOODMAN.

(Circuit Court of Appeals, Seventh Circuit. May 11, 1900.)

No. 657.

APPEAL—TIME OF TAKING—HOW PERFECTED.

An appeal is not taken until the order allowing the same and the bond are filed in the court in which the decree or order appealed from is entered, and this must be done within the time allowed by statute for taking the appeal.

On Motion to Dismiss Appeal.

F. C. Winkler, for the motion.

Hugo Pam, opposed.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

PER CURIAM. ' The motion to dismiss the appeal in this case because not taken within 10 days after the entry of the order appealed from must be sustained. The petition for an appeal and an appeal bond were presented to the judge out of court, and an order indorsed on the petition granting the prayer for appeal, and an approval of the bond indorsed thereon, were signed by the judge on the last day on which an appeal could be taken, and were delivered to counsel for the appellant; but they did not reach the hand of the clerk and were not filed in the court below until the next day. In Brooks v. Norris, 11 How. 204, 13 L. Ed. 665, was laid down the rule, often reaffirmed since in respect to appeals as well as writs of error, that "a writ of error is not brought, until filed in the court to which it is addressed, and whose record is to be removed by it; and, therefore, though the writ is tested within five years, if it be not filed in the court which rendered the judgment until after the expiration of that period, it is barred." See the cases cited under Brooks v. Norris, 5 Notes U. S. Rep. 23. See, also, Herrick v. Dock Co., 43 Wis. 93, and Harkrader v. Wadley, 172 U. S. 148, 163, 19 Sup. Ct. 119, 43 L. Ed. 399. The appeal is therefore dismissed.