## CHATFIELD et al. v. O'DWYER et al.

(Circuit Court of Appeals, Eighth Circuit. May 21, 1900.)

### No. 1,249.

1. BANKRUPTCY—APPEAL—WHO MAY APPEAL.
    Under Bankr. Act 1898, § 25a, an appeal from an order of the district court allowing a claim presented by a creditor against the estate of a bankrupt, and which was objected to and contested by another creditor, cannot be taken by such objecting creditor, but only by the trustee in bankruptcy, as the representative of all the creditors.

2. SAME.
    If the trustee, in such a case, refuses to appeal from the allowance of the claim, on the request of the objecting creditor, the latter may move the district court to direct the trustee to take an appeal as requested, or to permit the creditor to prosecute an appeal in the name of the trustee. The granting of such leave is in the discretion of the district court, and may be conditioned on the payment of the costs of the litigation by the objecting creditor if the appeal is unsuccessful.

Appeal from the District Court of the United States for the Western District of Arkansas.

J. N. Cook, T. E. Webber, W. F. Kirby, and J. M. Carter, for appellants.

R. B. Williams and W. H. Arnold, for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. On January 14, 1899, the Little River Lumber Company was adjudged a bankrupt, and the first meeting of its creditors was appointed to be held on January 25, 1899. At the first meeting the bankrupt company submitted a list of its creditors, showing that it was indebted to O'Dwyer & Ahern, the appellees, in the sum of $7,949.74. At a later date the appellees filed proof of their claim in proper form. Thereafter the appellants, J. L. Chatfield and W. J. Buhrman, interposed objections to the allowance of the claim of the appellees. The objections were sent to a referee for a hearing and determination, who thereafter filed a report recommending a disallowance of the appellees' demand for the amount which they claimed

to be due. The case was then taken for review in the mode provided by the bankrupt act before the judge of the district court, sitting in bankruptcy, who reversed the action of the referee, and allowed the claim. 92 Fed. 585. From this latter order the objecting creditors, J. L. Chatfield and W. J. Buhrman, have appealed to this court, under the provisions of section 25 of the bankrupt act, approved July 1, 1898. No one else has united in the appeal. A motion has been filed to dismiss the appeal, and the question to be determined is whether the appeal to this court can be prosecuted by the appellants, or whether the appeal should have been prosecuted by the trustee of the bankrupt, as the representative of all of its creditors.

Section 8 of the bankrupt law of 1867 (now section 4980 of the Revised Statutes of the United States) allowed an assignee who was dissatisfied with the allowance of a claim against the bankrupt's estate to appeal from the decision of the district court by which the allowance was made to the circuit court for the same district; and it was well established under that act that a creditor could not appeal from the allowance of a claim against the bankrupt estate, because the right of appeal was given to the assignee, as the representative of creditors, and was not in terms conferred on creditors. In re Troy Woolen Co., 9 Blatchf. 191, 24 Fed. Cas. 244; In re Joseph, 2 Woods, 390, 13 Fed. Cas. 1124; In re Place, 8 Blatchf. 302, 19 Fed. Cas. 790. There was some conflict of opinion whether under section 2 of the old bankrupt act (now section 4986 of the Revised Statutes) the action of the district court in allowing a claim could be reviewed by the circuit court on a petition for review, or whether such allowance could only be reviewed by appeal, under section 8 of the act. Judge Woods maintained the affirmative view in Re Joseph, supra, while Judge Woodruff maintained the negative in Re Troy Woolen Co., supra. But it was conceded by all the courts before whom the question arose that, when an appeal was taken from an allowance under section 8 of the old bankrupt law, it could only be prosecuted by the assignee. In the case at bar we are not concerned with the question whether a creditor who has objected to the allowance of a claim of another creditor in the district court may file a petition to have the action of the district court reviewed under paragraph "b," § 24, of the present bankrupt act, since in the case in hand the appeal is prosecuted under section 25. This latter section, under which the appeal was taken, provides "that appeals as in equity cases may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit courts of appeals of the United States * * * in the following cases * * * (3) from a judgment allowing or rejecting a debt or claim of five hundred dollars or over." It will be observed that it differs from section 8 of the old bankrupt law, in that it does not say by whom such appeal may be taken. Subdivision "c" of section 25 does declare, however, that "trustees shall not be required to give bond when they take appeals or sue out writs of error"; and in view of this clause, and in view of the fact that it is incorporated into section 25, it is fair to infer that congress intended that an appeal from a judgment of the district court, allowing or rejecting a debt or claim, to the circuit court of appeals, should be prosecuted by the trustee. Moreover,

section 7 of the present bankrupt law makes it the duty of a bankrupt to "examine the correctness of all proofs of claims filed against his estate," and "immediately inform his trustee of any attempt by his creditors or other persons to evade the provisions of this act," and "in case of any person having to his knowledge proved a false claim against his estate, disclose that fact immediately to his trustee." The obvious purpose of these provisions of the act is to enable the trustee of a bankrupt's estate to take the proper and necessary steps to object to the allowance of a false or fictitious claim, and to take the proper steps to vacate the allowance of any such claims when they have been allowed, and the fact of their invalidity comes to his knowledge. The office of a trustee under the present bankrupt act is entirely analogous to that of an assignee under the bankrupt law of 1867. The trustee is elected by, and is the representative of, the creditors; and, following the general analogies of the law, he is the appropriate person to see that no unjust or fictitious claims are allowed to be paid out of the assets in his hands. His duties are very similar to those of an administrator or executor. It is his duty to ascertain that all claims presented for allowance, or that may have been allowed, are genuine; and under subdivision 6, rule 21, of the rules in bankruptcy formulated by the supreme court of the United States (89 Fed. x., 32 C. C. A. xxiii.), the trustee has been empowered to file a petition with the referee to have any claim further investigated, when for any reason he may desire a re-examination of the same. Furthermore, if one creditor of a bankrupt may prosecute an appeal, under section 25 of the bankrupt law, from the allowance of a claim, then any other creditor may take a like appeal upon the same or different grounds, and this court may be required to entertain a number of appeals, all of which are brought to test the validity of the same demand. In a case which arose under the old bankrupt law (In re Randall, 1 Sawy. 56, 20 Fed. Cas. 226, 228), Judge Deady pointed out very clearly the evil results which would follow if every factious creditor was allowed to litigate individually and in his own name the claims of other creditors, without the sanction or approval of the assignee or the bankrupt court. He ruled that it was the appropriate function of the assignee to conduct such litigation, as the representative of all the creditors; saying, in substance, that, if any creditor felt himself aggrieved by the action of the assignee in failing to object to the allowance of a claim, he might apply to the bankrupt court for a rule on the assignee, either requiring him to contest the claim, or to allow the objecting creditor to do so in the name of the assignee.

In view of these considerations, we are of opinion that after a claim against the estate of a bankrupt has passed the scrutiny of the district court, and has been allowed by that court, an appeal from such allowance, under section 25 of the bankrupt act, to this court, can only be taken by the trustee, as the representative of all the creditors. The appeal that is provided for under section 25 is the same as that which was provided for by section 8 of the old bankrupt law, except that the appeal is now prosecuted to a different court; and all of the considerations which influenced the lawmaker in framing the old bankrupt act to limit the right of appeal to the assignee are equally

applicable to the appeal which is provided for by the present bankrupt law. In so deciding, we recognize the right of a creditor to apply to the bankrupt court for an order permitting him to prosecute an appeal in the name of the trustee, when he has called upon the trustee to take an appeal from the allowance of a claim against the bankrupt's estate, and the latter has declined to appeal. As the trustee is an officer of the bankrupt court, and subject to its orders, that court has an undoubted power either to direct the trustee to appeal when it entertains doubts of the verity of its judgment, or to make an order permitting a creditor who so desires to appeal from the allowance in the name of the trustee when the latter declines to appeal. We have no doubt that such applications on the part of creditors will meet with favor from the respective bankruptcy courts whenever the question of the right to an allowance is so far doubtful as to warrant a review of their judgments. Where such leave is sought it will, of course, be discretionary with the district court to grant or refuse the application, and leave may be granted to prosecute an appeal upon condition that if it prove unsuccessful the objecting creditor shall pay the costs of the litigation. Any other construction of section 25 of the bankrupt act would, in our judgment, give captious creditors too much power to hinder and delay the settlement of bankrupt estates. Besides, it is a general rule applicable to appeals taken in equity cases that all persons who are interested in a decree must join in an appeal therefrom before the same will be heard, and all the creditors of a bankrupt estate are equally interested in having a fictitious claim disallowed. It results from what has been said that the present appeal cannot be entertained, and the same will be dismissed.