### In re LEWENSOHN.*

(Circuit Court of Appeals, Second Circuit. February 25, 1903.)

No. 53.

1. BANKRUPTCY—CLAIMS—PETITION FOR REVIEW.

A proceeding may not be instituted by a creditor, without the concurrence of the trustee in bankruptcy, to re-examine the allowed claims of other creditors; Bankr. Act 1898, § 57, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443], covering the subject of proof, allowance, and re-examination of claims, being silent as to the party who may move for the re-examination; and general order 21, cl. 6 (32 C. C. A. xxiii, 89 Fed. x), providing that, when the trustee or any creditor shall desire the re-examination of any claim, he may apply by petition to the referee for an order for the re-examination, and thereon the referee shall make an order fixing a time for the petition, merely intending to permit a proceeding by a creditor prior to qualification of a trustee.

Petition to Review Order of the District Court of the United States for the Southern District of New York.

Max J. Kohler, for petitioners.

Jesse Epstein, for respondent.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

WALLACE, Circuit Judge. The petition of review presents a question of practice of considerable importance. The order of the court below has sanctioned a proceeding by one of the creditors of the bankrupt, instituted without the concurrence of the trustee, to re-examine the claims of various other creditors which have been proved and allowed. Such a practice, when the estate and the in-

*Application for writ of certiorari denied by the Supreme Court of the United States April 27, 1903.

terests of all the creditors are represented by a trustee, does not subserve any necessary purpose, and opens the door to grave abuse. It enables one creditor at his own pleasure to subject any one of the other creditors, or all the other creditors, to the inconvenience and expense of unnecessary litigation, and to unduly protract the settlement of the estate. It is not allowed, in terms, by any provision of the bankrupt act. The whole subject of the proof and allowance of claims and their re-examination is covered by section 57, c. 541, Act July 1, 1898, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]. The provisions of this section which relate more particularly to the present question are these:

"(d) Claims which have been duly proved shall be allowed, upon receipt by or upon presentation to the court, unless objection to their allowance shall be made by parties in interest, or their consideration be continued for cause by the court upon its own motion."

"(f) Objections to claims shall be heard and determined as soon as the convenience of the court and the best interests of the estate and claimants will permit."

"(k) Claims which have been allowed may be reconsidered for cause, and re-allowed or rejected, in whole or in part, according to the equities of the case, before but not after the estate has been closed."

"(l) Whenever a claim shall have been reconsidered and rejected, in whole or in part, upon which a dividend has been paid, the trustee may recover from the creditor the amount of the dividend received upon the claim if rejected in whole, or the proportional part thereof if rejected only in part."

None of these provisions touch the question directly, and the act is silent as to the party by whom a re-examination may be moved.

The trustee represents every creditor. The orderly conduct of the administration requires that a proceeding for the re-examination of the claim should be taken in the interests of all the creditors, and not be permitted at the instance of any one creditor unless demanded by the interests of all. If the trustee should, without sufficient reason, refuse to proceed, the court, by its order, could compel him to do so, or remove him for disobedience. It has been held under the present act that a creditor cannot prosecute an appeal from the judgment of a court of bankruptcy allowing the claim of another creditor, and that the trustee is the only party who can do so. Chatfield v. O'Dwyer, 42 C. C. A. 30, 101 Fed. 797; Foreman v. Burleigh, 48 C. C. A. 376, 109 Fed. 313. The provision allowing such appeals does not designate the party by whom they may be prosecuted, and these decisions proceeded upon the ground that the trustee is the proper party, and the only proper party, because he represents the interests of all creditors in the estate. There is such a close analogy between the two proceedings of a re-examination and a review that these decisions are apposite.

The court below was of the opinion that the proceeding was authorized by general order 21, cl. 6 (32 C. C. A. xxiii, 89 Fed. x). That part of order 21 which is pertinent reads as follows:

"When the trustee or any creditor shall desire the re-examination of any claim filed against the bankrupt's estate, he may apply by petition to the referee to whom the case is referred for an order for the re-examination, and thereupon the referee shall make an order fixing a time for hearing the petition, of which due notice shall be given by mail addressed to the creditor."

This regulates the proceedure for re-examination, without regard to the party by whom or the time when it may be pursued, and does not purport to confer any right or privilege beyond those expressed or impliedly given by the act. The court below seems to have construed the language as though it were intended to permit the trustee or any creditor to apply by petition "whenever he may desire to do so." Thus read, it would permit a re-examination after the estate had been closed; and this, clearly, could not have been intended, because it is forbidden by clause "k" of section 57. It may be given due effect by reading it as authorizing a petition by a creditor at the appropriate stage of the proceeding when it may be desirable for the creditor to intervene. The word "desire" is used in the sense of "intend." It may become desirable and necessary to re-examine a proved claim prior to the qualification of the trustee, as delays frequently ensue in the election and qualification of this officer, and it might be that evidence would be lost in the meantime. This probably was within the contemplation of the general order, but we cannot believe it was within its intention to permit the trustee and creditors concurrently to pursue a re-examination of a claim, or to permit a creditor to do so when the trustee, for sufficient reason, does not approve, or when, in the interests of all, it is desirable that the trustee should conduct the proceeding.

The order is reversed.