In re MEXICO HARDWARE CO.

(District Court, D. New Mexico. July 26, 1912.)

No. 76.

*(Syllabus by the Court.)*

1. BANKRUPTCY (§§ 342, 342½*)—CLAIMS AGAINST BANKRUPT—RE-EXAMINATION—PETITION FOR REVIEW.

   Ordinarily a general creditor may not prosecute before a referee a motion for reconsideration of the allowed claim of another creditor, nor before the District Court a petition for review of such allowance; the institution and prosecution of such proceedings being for the trustee.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 525, 529, 530; Dec. Dig. §§ 342, 342½.*]

2. BANKRUPTCY (§§ 342, 342½*)—CLAIMS AGAINST BANKRUPT—RE-EXAMINATION—PETITION FOR REVIEW.

   This conclusion is not affected by the use of the term "creditor" in general order 21 (89 Fed. x, 32 C. C. A. xxiii), regulating proceedings to re-examine, and in general order 27 (89 Fed. xi, 32 C. C. A. xxvii) regulating petitions for review, the power of creditors to act under the first being confined to cases where there is no qualified trustee, and in the second to like cases or to those in which the referee's ruling has been adverse to such creditor.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 525, 529, 530; Dec. Dig. §§ 342, 342½.*]

3. BANKRUPTCY (§ 342*) — CLAIMS AGAINST BANKRUPT — RE-EXAMINATION — REMEDIES OF OTHER CREDITORS.

   Where a general creditor is dissatisfied with the allowance of the claim of another creditor, his proper remedy is a demand upon the trustee to move for a reconsideration or review of such claim, or, if the trustee upon demand declines to act, then by a motion to the District Court that the trustee be required to move, or that the objecting creditor be permitted to move in his own name.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 525, 529; Dec. Dig. § 342.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the bankruptcy of the Mexico Hardware Company on petition for review of the rulings of the referee on the claims of the Porter Hardware Company. Petition denied without prejudice.

Reid & Hervey, for petitioners.

POPE, District Judge. The Porter Hardware Company filed with the referee in bankruptcy on April 13, 1911, a claim in the sum of $6,379.52 against the estate of the Mexico Hardware Company. After hearing testimony, the referee on April 15, 1911, allowed the claim. On the same day the trustee was chosen, who duly qualified. On May 1, 1911, Reid & Hervey, one of the creditors of the estate, filed a motion to reopen and reconsider the claim of the Porter Hardware Company, which motion was overruled by the referee. On May 2, 1911, the same firm filed their amended motion for the reopening and reconsideration of the claim, which motion was likewise overruled. Thereupon Reid & Hervey, together with two other general creditors of the estate, being the Morrow-Thomas Hardware Company and the Parlin & Orendorff Implement Company, prosecuted this petition for review claiming error by the referee in allowing the Porter Hardware Company claim and in overruling the motions to reconsider the claim. The petition for review also sets up an alleged estoppel as against the Porter Hardware Company by reason of a proceeding instituted by it prior to the bankruptcy cause in the district court of Curry county, territory of New Mexico, in which it is claimed that it set up a cause of action against the Mexico Hardware Company wholly at variance with the claim as a creditor here asserted. No testimony as to this latter appears to have been presented before the referee, but a deposition submitted to the court upon the present petition for review exhibits the pleadings of the Porter Hardware Company in the suit referred to. The prayer is that upon the original proofs before the referee and this additional testimony the court shall disallow the Porter Hardware Company claim.

[1] A question raised before the referee and also in this court, and which must be decided at the outset, is whether the proper parties have moved before the referee for the reconsideration of the claim, and whether the proper parties have prosecuted this petition for review to this court. As to the first of these proceedings, it will be noted that the firm of Reid & Hervey, a general creditor, was the moving party for a reconsideration of the Porter Hardware Company claim, and upon the second proceeding, being the petition for review addressed to this court, that firm together with two other general creditors are the moving parties. The trustee for the estate, although duly selected and qualified at the date of these several proceedings, does not appear in either instance. Can either of these proceedings be prosecuted by a general creditor? The authorities are all to the effect that this cannot be done, but that a proceeding either for a reconsideration of a claim by the referee or a review of the referee's rulings by the court must be prosecuted by the trustee. This rule may seem technical, and yet it is based upon the soundest principles of procedure. If it be conceded that any creditor aggrieved by the ref-

eree's ruling may move against it either before him or before the court, the result may be such a succession of motions or petitions as to be practically interminable. The policy of the Bankruptcy Act, which is designed to the speedy conclusion of insolvency cases, is that any such proceeding shall be prosecuted by the trustee, who represents all of the creditors, rather than by such individual creditors. The question was considered by the Circuit Court of Appeals for this Circuit in Chatfield v. O'Dwyer, 101 Fed. 797, 42 C. C. A. 30. In that opinion it is said:

"The office of a trustee under the present bankrupt act is entirely analogous to that of an assignee under the bankrupt law of 1867 [Act March 2, 1867, c. 176, 14 Stat. 517]. The trustee is elected by, and is the representative of, the creditors; and, following the general analogies of the law, he is the appropriate person to see that no unjust or fictitious claims are allowed to be paid out of the assets in his hands. His duties are very similar to those of an administrator or executor. It is his duty to ascertain that all claims presented for allowance, or that may have been allowed, are genuine; and under subdivision 6, rule 21, of the rules in bankruptcy formulated by the Supreme Court of the United States (89 Fed. x, 32 C. C. A. xxiii), the trustee has been empowered to file a petition with the referee to have any claim further investigated, when for any reason he may desire a re-examination of the same. Furthermore, if one creditor of a bankrupt may prosecute an appeal, under section 25 of the bankrupt law [Act July 1, 1898, c. 541, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432)], from the allowance of a claim, then any other creditor may take a like appeal upon the same or different grounds, and this court may be required to entertain a number of appeals, all of which are brought to test the validity of the same demand. In a case which arose under the old bankrupt law (In re Randall, 1 Sawy. 56, 20 Fed. Cas. 226, 228), Judge Deady pointed out very clearly the evil results which would follow if every factious creditor was allowed to litigate individually and in his own name the claims of other creditors, without the sanction or approval of the assignee or the bankrupt court. He ruled that it was the appropriate function of the assignee to conduct such litigation, as the representative of all the creditors, saying, in substance, that, if any creditor felt himself aggrieved by the action of the assignee in failing to object to the allowance of a claim, he might apply to the bankrupt court for a rule on the assignee, either requiring him to contest the claim, or to allow the objecting creditor to do so in the name of the assignee. In view of these considerations, we are of opinion that after a claim against the estate of a bankrupt has passed the scrutiny of the district court, and has been allowed by that court, an appeal from such allowance, under section 25 of the bankrupt act, to this court, can only be taken by the trustee as the representative of all the creditors. The appeal that is provided for under section 25 is the same as that which was provided for by section 8 of the old bankrupt law, except that the appeal is now prosecuted to a different court; and all of the considerations which influenced the lawmaker in framing the old bankrupt act to limit the right of appeal to the assignee are equally applicable to the appeal which is provided for by the present bankrupt law. In so deciding, we recognize the right of a creditor to apply to the bankrupt court for an order permitting him to prosecute an appeal in the name of the trustee, when he has called upon the trustee to take an appeal from the allowance of a claim against the bankrupt's estate, and the latter has declined to appeal. As the trustee is an officer of the bankrupt court, and subject to its orders, that court has an undoubted power either to direct the trustee to appeal when it entertains doubts of the verity of its judgment, or to make an order permitting a creditor who so desires to appeal from the allowance in the name of the trustee when the latter declines to appeal. We have no doubt that such applications on the part of creditors will meet with favor from the respective bankruptcy courts whenever the question of the right to an allowance is so far doubtful as to warrant a review of their judgments. Where such

leave is sought, it will, of course, be discretionary with the district court to grant or refuse the application, and leave may be granted to prosecute an appeal upon condition that if it prove unsuccessful the objecting creditor shall pay the costs of the litigation. Any other construction of section 25 of the bankrupt act would, in our judgment, give captious creditors too much power to hinder and delay the settlement of bankrupt estates."

In Foreman v. Burleigh, 109 Fed. 313, 48 C. C. A. 376, the Circuit Court of Appeals for the First Circuit follows Chatfield v. O'Dwyer, supra, to the effect that an appeal may not be taken by one creditor from a judgment of a court of bankruptcy allowing the claim of another creditor, but such appeal can only be taken by the trustee. The matter was further considered in Re Lewensohn, 121 Fed. 538, 57 C. C. A. 600 wherein the Circuit Court of Appeals for the Second Circuit held that a proceeding may not be instituted by a creditor, without the concurrence of the trustee in bankruptcy, to re-examine the allowed claims of other creditors. In disposing of the matter the court says:

"The trustee represents every creditor. The orderly conduct of the administration requires that a proceeding for the re-examination of the claim should be taken in the interests of all the creditors, and not be permitted at the instance of any one creditor unless demanded by the interests of all. If the trustee should, without sufficient reason, refuse to proceed, the court, by its order, could compel him to do so, or remove him for disobedience. It has been held under the present act that a creditor cannot prosecute an appeal from the judgment of a court of bankruptcy allowing the claim of another creditor, and that the trustee is the only party who can do so. Chatfield v. O'Dwyer, 42 C. C. A. 30, 101 Fed. 797; Foreman v. Burleigh, 48 C. C. A. 376, 109 Fed. 313. The provision allowing such appeals does not designate the party by whom they may be prosecuted, and these decisions proceeded upon the ground that the trustee is the proper party, and the only proper party, because he represents the interests of all creditors in the estate. There is such a close analogy between the two proceedings of a re-examination and a review that these decisions are opposite."

The matter was also before the District Court for the Southern District of New York in Re Sully, 142 Fed. 895, in which case Judge Holt held that "the trustee alone is authorized to institute proceedings for a re-examination or expunging of claims," citing the Lewensohn Case, supra. In Re Stern, 144 Fed. 956, 76 C. C. A. 10, the Circuit Court of Appeals for this circuit, speaking through Mr. Justice Van Devanter, then circuit judge, recognizes fully the rule that the trustee is the proper person to institute a proceeding to review an improperly allowed claim, but in the following language makes it clear that his power over the matter is not an arbitrary one The court says:

"In respect of opposing the allowance of claims, and moving for their reconsideration after they have been allowed, the trustee is not bound to comply with every request preferred by objecting creditors, irrespective of its merits; nor is he clothed with absolute discretion to refuse. As the representative of the estate, he is bound to exercise his judgment and to act for the best interests of all concerned but subject to the supervising power of the referee and the district judge. He does not act judicially, but only administratively, and, if he refuses to oppose a claim or to move for its reconsideration when he ought to do so, he may be compelled to act or to permit the objecting creditors to act in his name"—citing Chatfield v. O'Dwyer, supra, and In re Lewensohn, supra.

In re Hatem, 161 Fed. 895, decided in the District Court for the Eastern District of North Carolina, District Judge Purnell uses the following language:

"The general doctrine is that, where there is a trustee, cestuis que trust must act through or by the trustee, and, when they assume to act in propria personæ, they must show the trustee has, upon application duly made to him, refused to act. This is not 'new' law, but old, well-settled law. It has been so held time out of memory. Where a trustee or any creditor shall desire the examination of a claim filed against the bankrupt estate, he may apply by petition to the referee for an order for such examination. Where a trustee has been appointed, he must file the petition for re-examination of a creditor's claim, and not another creditor" citing the Lewensohn Case, supra, and Loveland on Bankruptcy, p. 342.

In Collier on Bankruptcy (8th Ed.) p. 609, in speaking of the reconsideration and rejection of claims, it is said:

"The application (for re-examination of a claim) is by petition by parties in interest, and, when there is, a trustee in existence can only be presented by him, and then only when demanded by the interests of all the creditors."

It is true that in all of the cases above cited the question arose upon the right of a general creditor either to move for a reconsideration of an allowed claim under section 57 of the Bankruptcy Act, or upon his right under sections 24 and 25 to review in the Circuit Court of Appeals a decision of the District Court, and it is further true that in none of these cases was there a ruling upon the right of a general creditor to prosecute a petition for review under section 39. The statute, however, is silent in each instance as to who may move, and the reasons so fully developed above, which dictate that the trustee shall be the moving party on motion for reconsideration before a referee and shall likewise prosecute any appeal from the District Court, apply with equal force to the prosecution of a petition for review before the District Court.

[2] It is urged, however, that a distinction is created by general order 27 in bankruptcy, reading as follows:

"When a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee, his petition therefor, setting out the error complained of; and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

A similar order, however, exists as to proceedings before the referee for reconsideration. Thus general order 21 reads as follows:

"When the trustee or any creditor shall desire the re-examination of any claim filed against the bankrupt's estate, he may apply by petition to the referee to whom the case is referred for an order for the re-examination, and thereupon the referee shall make an order fixing a time for hearing the petition, of which due notice shall be given by mail addressed to the creditor."

It was held, however, in Re Lewensohn, supra, considering this last general order, that the effect of this was simply to give the creditor the right to move where there was no trustee to act. Upon similar considerations it seems clear that general order 27 does not give a mere creditor the unqualified right of petition for review of an allowed claim. The mention of creditors in order 27 is doubtless in-

tended to cover cases where there has been a decision adverse to the creditor seeking review, and perhaps to cases where, as noted in the Lewensohn Case, there is no trustee. It does not cover cases where the order complained of is one affecting creditors generally and which call for action by the duly created representative of such creditors, to wit, the trustee. It follows from the above that a prosecution by general creditors of the proceeding here involved is unauthorized by anything contained in the bankruptcy act.

[3] While, as the above authorities show, an individual creditor may, when the trustee upon request refuses to move, seek the aid of the court by praying an order on the trustee to proceed or an order permitting the objecting creditor to act in his own name, it is not shown by the present record that any demand was made upon the trustee to act. There is, it is true, an allegation that the trustee "has wholly failed, neglected, and refused to make any objection, and to save any exceptions whatever to the opinion of the referee in bankruptcy in the matter of the claim of the Porter Hardware Company." This may perhaps indicate a hostile attitude by the trustee toward the position of the creditors here moving, but even if it could be construed as indicating a demand to act, and a refusal so to do, the remedy of these creditors was by a motion to the court to require the trustee to seek a reconsideration or review of the allowed claim rather than the prosecution of the present proceedings without giving the trustee an opportunity to be heard as to whether, in the interests of the estate, these proceedings should be prosecuted. The petition for review will accordingly be denied without prejudice to such proceedings (in the event that a demand upon the trustee for action shall fail) as may be filed to determine whether the trustee shall be ordered by the court to initiate proceedings.