## McNally *vs*. Mulherin & Company *et al*

1. Where an application for an exemption of personalty was made, and creditors of the applicant objected thereto on the ground of fraud, and the case was carried to the superior court by appeal, on the trial, the objectors were entitled to the opening and conclusion.

2. A debtor who applies for an exemption of personalty must make a full and fair disclosure of all his property. He cannot retain any amount of money which he may deem necessary and needful to employ attorneys, pay licenses and carry on business, but he must account for it; and if the schedule exceeds the amount to which he is entitled as an exemption, he must produce the money in court, and pay it over so that his creditors may get it.

3. There was no error in charging as follows: "If you find from the evidence that John P. McNally (the applicant), at the time he filed his sworn schedule, withheld and reserved to himself a large sum of money, and that he has not since delivered up said money or amended his schedule by adding it thereto, then I charge you that, under the law, he is not entitled to a homestead, and you should find against granting his application."

4. There was no error in charging that "the law says a man must come in with clean hands; otherwise he should not ask a homestead. If he comes into court with clean hands, he is entitled."

5. The statute which declares that an applicant for an exemption must make a full and fair disclosure of everything which he has, and that if he is guilty of a fraud in failing to do so, he shall not be entitled to an exemption, is not in violation of the constitutional provision granting the right of exemption. It is a punishment for fraud which the constitution declares the legislature has the power to impose.

November 12, 1887.

Homestead. Fraud. Laws. Constitutional Law. Before Judge RONEY. Richmond Superior Court. April Term, 1887.

Reported in the decision.

SALEM DUTCHER, for plaintiff in error.

PRESSLY & COZART; WM. H. FLEMING; L. PHINIZY, for defendants.

BLANDFORD, Justice.

McNally applied for an exemption of certain personal property, and amended his application by putting in some real estate. The defendants in error, who were creditors of McNally, appeared and objected to his taking the homestead upon the ground of fraud; and upon that issue the parties went to a jury, on appeal in the superior court.

It was shown by the evidence that shortly before McNally applied for this exemption, he had possessed himself of the sum of about eight or nine hundred dollars in money; and they contended that he must account for it, that he must either surrender it to the court, or must put it in his schedule attached to his application. He replied that he did not have that money, that he had expended it in various ways, in paying lawyers' fees and other debts that he owed; but he fell short of accounting for it to the extent of several hundred dollars. And the court instructed the jury that if he kept or secreted any of his property, and did not place it in his schedule and make a full and fair disclosure of it, he was guilty of fraud; and the jury found against his application.

1. A motion for a new trial was made by McNally upon several grounds. In the first place, it is contended by the plaintiff in error that the court erred in allowing the creditors' counsel to open and conclude the case to the jury. When the applicant presented his application and schedule, he had nothing more to do; and when the creditors made the attack upon him, we think it was in the nature of a collateral issue, such as authorized them to open and conclude the case to the jury. We think this case is governed by the decision in *Johnson vs. Martin et al.*, 25 *Ga.* 268. In that case an insolvent debtor presented his schedule, and his creditors appeared and attacked it on the ground that he had left something out of his schedule, and was guilty of fraud in attempting to conceal a part of his property from creditors. The court, in that case, held that the creditors were entitled to open and conclude.

2. The next position assumed by counsel for the plaintiff in error is, that the court erred in charging as follows: " The applicant has no right to withhold such an amount of money as he deems may be needful to employ attorneys, pay licenses, to carry on business, expenses, etc." We see nothing wrong in that charge. He must make a full and fair disclosure of all his property; and he cannot retain any amount of money which he may deem necessary and needful to employ attorneys, pay licenses and carry on business; but he must account for it, and if the schedule runs over the amount he is entitled to, he must produce it in court and turn it over so that his creditors can get it.

3. Another portion of the charge objected to is the following: " If you find from the evidence that John P. McNally, at the time he filed his sworn schedule, withheld and reserved to himself a large sum of money, and that he has not since delivered up said money or amended his schedule by adding it thereto, then I charge you that under the law he is not entitled to a homestead, and you should find against granting his application." We think that is within the terms of our statute, which declares that he must make a full and fair disclosure of all his property, and that he must act in perfect good faith, and must not, fraudulently conceal anything from his creditors. It is not for him to say how much it would take to carry on his business, and pay his expenses, or what he should retain for attorney's fees, etc. He must put everything in his schedule, and if he does not do so, the law declares that the court shall not grant him a homestead or exemption.

4. The court charged: " The law says a man must come in with clean hands; otherwise he should not ask a homestead. If he comes into court with clean hands, he is entitled." We think this charge is right.

5. It is argued by counsel for the plaintiff in error, that the constitution confers exemption against any process whatever under the laws of this State, and that the only

exceptions are those made by the constitution; that the legislative branch cannot add to constitutional exceptions; that, conceding all claimed against the applicant in this case, he had some $2,400 of property, instead of $1,500, as he swore; that the claims of objecting creditors aggregate $573; that the attempted fraud had been exposed and the true state of the case lay open, and there was enough for both beneficiaries and creditors. "Why," he contends, " should an unsuccessful attempt at fraud forfeit the homestead right?" He contends that the illegal excess only, as in usury, should be forfeited, and not the homestead.

We do not think the statute is in violation of the constitution. The law declares that he must make a full and fair disclosure of everything, and that if he is guilty of a fraud in failing to do that, he is not entitled to the exemption. It is a punishment for his fraud in the concealment of his property from his creditors; and the constitution declares that the legislature can pass such laws as they think proper to ferret out and punish fraud.

Judgment affirmed.