## In re WAXELBAUM.

(District Court, N. D. Georgia. February 17, 1900.)

### No. 111.

1. BANKRUPTCY—EXEMPTIONS—CONCEALMENT OF ASSETS.

Where the exemption law of the state (Code Ga. § 2830) declares that a debtor shall forfeit his right to the exemption allowed, if he is guilty of willful fraud in concealing from his creditors any part of the property of which he is possessed at the time he seeks the benefit of the exemption, a bankrupt who does not make a full and fair disclosure of all the property owned by him at the time of the filing of his petition in bankruptcy is not entitled to have any exemption set apart to him by his trustee in bankruptcy.

2. SAME—REVIEW OF REFEREE'S DECISION—FINDINGS OF FACTS.

On review of a decision of a referee in bankruptcy, the district court will not reverse the findings of facts made by the referee, unless the same are manifestly erroneous.

In Bankruptcy. On review of decision of referee in bankruptcy.

Slaton & Phillips, for bankrupt.
Mayson & Hill, for objecting creditors.

NEWMAN, District Judge. This case comes before the court on an exception to the action of the referee in refusing the bankrupt an exemption of the amount allowed by the statutes of the state ($1,600), out of the proceeds of a stock of goods owned by him, and sold by the trustee in bankruptcy. The referee, in an elaborate finding on the facts involved, holds that the bankrupt did not make a full and fair disclosure of all the property owned by him at the time his petition in bankruptcy was filed, and states wherein he failed to do so. The exemption allowed by Bankr. Act, § 6, is that allowed by the laws of the state of the bankrupt's residence. The law of this state (Code, § 2830) provides that:

"The debtor guilty of willful fraud in the concealment of part of his property from his creditors, of which he is possessed when he seeks the benefit of the exemption, shall, on account of his fraud, lose the benefit of such exemption, and his property shall be subject to the payment of all just debts which he owed at the time such fraud was committed."

The supreme court of Georgia, in passing on this section (McNally v. Mulherin, 79 Ga. 614, 4 S. E. 332), held that to entitle a person to an exemption in Georgia he must come into court with clean hands. "He must make a full and fair disclosure of all his property. He cannot retain any amount of money which he may deem necessary and needful to employ attorneys, pay licenses, and carry on business, but he must account for it; and, if the schedule exceeds the amount to which he is entitled as an exemption, he must produce the money in court, and pay it over, so that his creditors may get it." The facts found by the referee in this case are such that it would be impossible to allow the bankrupt the exemption claimed. Independently of the conclusions of the referee as to other matters and other business in which he says the bankrupt was engaged, and as to which he was guilty of fraud in withholding assets from the bankruptcy court, the fact alone disclosed by the referee, that 11 months before the petition in bankruptcy was filed the bankrupt had a large amount of stock and a very small amount of indebtedness, and that at the time the petition was filed he had a very large amount of indebtedness and a comparatively small amount of stock, without any more satisfactory explanation than is shown in the record in this case, would be sufficient to defeat the exemption. Indeed, under the facts disclosed by this record, the bankrupt is fortunate in only being deprived of his right to an exemption. The rule is well recognized that the district court will not interfere with the action of the referee in bankruptcy as to his findings on facts, unless the same are manifestly erroneous. This is certainly not such a case. The referee's decision denying the exemption will be sustained.