## In re LAFLECHE et al.

(District Court, D. Vermont. June 8, 1901.)

### No. 609.

**1. BANKRUPTCY—DISCHARGE—BOOKS OF ACCOUNT.**
That books of a bankrupt do not show his true financial condition, but were kept only for the transaction of business, is no bar to the bankrupt's discharge, where they show no attempt to conceal his financial condition, and no intent to defraud.

**2. SAME—CONCEALMENT OF ASSETS.**
Report of referee, to whom a charge of concealment of assets by a bankrupt had been referred, will not be set aside unless it is made to appear that it is clearly erroneous.

Waterman & Martin, for creditors.
Clarke C. Fitts, for bankrupts.

WHEELER, District Judge. This is a petition for discharge, to which failure to keep books, and an offense against the act by concealment of assets, are objected. The act does not require books showing the true financial condition of bankrupts, nor any books, to be kept by them, in order to be entitled to a discharge, but only that fraudulent intent of concealment of their true financial condition by means of their books, in contemplation of bankruptcy, shall prevent a discharge. These books do not appear to have been kept with reference to showing financial condition, but only for the transaction of business, and disclose no attempt at such concealment, and, of course, no intent to defraud by such means. The charge of concealment of assets rests upon failure to account for money admitted to have been received during about six months ending about three months before the commencement of the bankruptcy proceedings. The showing is not very satisfactory, but the concealment, to bar discharge, must amount to a crime. The proof must be clear of a specific offense of which a jury might convict, although the proof here need not be beyond a reasonable doubt. The law authorizes a

reference of the question, and the report of the referee is like the finding of a master in equity, or the verdict of a jury in a civil case at law. It is not to be set aside unless it is made to appear to be clearly erroneous. It is not so made to appear here. The expenses and losses of removal and fitting up for business in the new place, and the expenses of living, and of sickness and death in the family, appear to have furnished warrantable grounds for the finding of the referee.

Obviously, the goods procured by the debts proved, and the other stock and fixtures, went, on foreclosure of a mortgage, to the father, which has a look of unfairness towards these creditors; but the validity of the mortgage is not in question, and the result of the foreclosure would not be a criminal concealment of assets.

Exceptions overruled, report accepted, and discharge granted.