## In re WEST.

(District Court, N. D. Georgia, N. W. D. June 2, 1902.)

### No. 38.

1. BANKRUPTCY—EXEMPTIONS—GEORGIA STATUTE.

The provision of Code Ga. § 2830, that "it shall be the duty of each and every person who claims the benefit of the exemption allowed in this article * * * to act in perfect good faith," and that the exemption shall not be allowed to a claimant who is guilty of fraud, has reference to the $1,600 homestead exemption, and not to the $300 exemption.

2. SAME—FINDINGS OF FACT BY REFEREE—REVIEW.

The rule that a finding of the referee on the facts will not be interfered with by the court unless clearly erroneous is particularly applicable to a finding as to the good or bad faith of the bankrupt in connection with his claim to an exemption under the law of Georgia, which makes such good faith material.

In Bankruptcy. On exceptions to referee's findings on application of bankrupt for homestead exemption.

L. A. Dean, for bankrupt.

Denny & Harris and M. B. & Ira N. Eubanks, for objecting creditors.

NEWMAN, District Judge. This case is before the court on exceptions to the refusal of the referee to approve a homestead exemption set apart by the trustee for the bankrupt. The action of the referee is sufficiently supported by the evidence as to the notes, accounts, merchandise, and equity in stock in the Frank L. West Burial Company, which the bankrupt has scheduled as a part of the exemption he desires. In my opinion, however, the bankrupt should be allowed his exemption as to the household furniture contained in his schedule. While there is no express statute on the subject, there is a distinction, I think, under the provisions of the constitution and laws of Georgia, between the $1,600 exemption and the $300 exemption. Of course, the main distinction between the two is that the former can be waived in writing, and the latter cannot, so as to be effective; but the statute requiring a full disclosure of property when an exemption is applied for, and good faith and fair dealing on the part of the person desiring the homestead, has special reference to the $1,600 exemption. The statute (Code, § 2830) says, "It shall be the duty of each and every person who claims the benefit of the exemption allowed in this article, as the allowance is a liberal one, to act in perfect good faith." This clearly refers to the larger exemption, and not to the smaller. How far gross fraud would affect the $300 homestead need not now be determined, because I think a fair disposition of this matter is to allow the exemption in the household furniture scheduled by the bankrupt, and deny it as to the choses in action, stock, and articles of merchandise. The finding of the referee on the facts in reference to the exemption claimed in the choses in action, stock, merchandise, etc., should be manifestly erroneous before the court would interfere with it, as has been frequently held heretofore. The rule adopted by the courts, that the finding of the referee on the

facts will not be interfered with unless there is clear error, is particularly applicable to a finding as to good or bad faith on the part of the bankrupt in connection with this particular question of the right to an exemption, when it is objected to on the ground that he does not come into court with clean hands, as required by the law in Georgia. This has been several times determined here. In re Waxelbaum (D. C.) 101 Fed. 228; In re Stephens (D. C.) 114 Fed. 192; In re Boorstin, Id. 696.

The referee has had the parties before him, has had immediate charge of the administration of the estate, and usually hears the case in the town or in the immediate vicinity where the business is conducted, and in this way has full opportunity to ascertain the truth of the matter, and can much better determine the facts than the court can on a written record presented for review.

I assume, for the purpose of making the foregoing ruling, that the amendment to the schedule of a claim of exemption may be properly allowed, although this is not entirely free from doubt.

The referee will modify his order in accordance with the foregoing ruling.