### In re HATEM.

(District Court, E. D. North Carolina. March 26, 1908.)

1. BANKRUPTCY—ALLOWANCE OF CLAIMS—RIGHT OF CREDITOR TO OBJECT—"PARTY IN INTEREST."

An unsecured creditor of a bankrupt is a "party in interest," within the meaning of Bankr. Act July 1, 1898, c. 541, § 57d, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), and may, as well as the trustee, object to the allowance of a claim of another unsecured creditor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 526. For other definitions, see Words and Phrases, vol. 4, pp. 3702, 3706.]

2. SAME—FINDINGS OF REFEREE—REVIEW.

The finding of a referee in bankruptcy as to the validity of a claim, where it depends on questions of fact and the credibility of witnesses examined before him, will not be overruled by the court, except on convincing proof that he was wrong in his conclusions.

In Bankruptcy. On review of rulings of referee.

W. O. Howard and J. F. Lyles, for petitioning creditors.

PURNELL, District Judge. On the petition of creditors, B. Hatem was adjudicated a bankrupt on the 26th day of December, 1907, and January 7, 1908, fixed as the day for the first meeting of creditors. Joseph Hatem proved or filed a claim for $3,000, evidenced by three promissory notes of $1,000 each, two bearing date as of January 19, 1907, and the other October 7, 1907, and sworn to on one of the prescribed forms for the proof of an unsecured debt. The proof of this debt by Joseph Hatem was objected to on several grounds in a paper writing, not verified, signed by W. O. Howard and J. F. Lyles, attorneys for petitioning creditors. After argument the referee finds "that the accounts of Joseph Hatem are not true, and that he is not entitled to any part of the estate of B. Hatem," and therefore expunges same from the list of claims proved. From this ruling the bankrupt and Joseph Hatem appeal to the district judge.

The only question argued here is, "Can an unsecured creditor object to the proof of claim by another unsecured creditor?" there being a receiver and a trustee in bankruptcy, and it not being shown the trustee has been applied to and refused to act. The general doctrine is that, where there is a trustee, cestuis que trust must act through or by the trustee, and when they assume to act in propria personæ they must show the trustee has, upon application duly made to him, refused to act. This is not "new" law, but old, well-settled law. It has been so held time out of memory. Where a trustee or any creditor shall desire the examination of a claim filed against the bankrupt estate, he may apply by petition to the referee for an order for such examination. Where a trustee has been appointed, he must file the petition for re-examination of a creditor's claim, and not another creditor. Loveland, p. 342, § 140; In re Lewensohn, 121 Fed. 538, 57 C. C. A. 600.

But does this rule obtain in bankruptcy? Is there not a statutory provision to the contrary? Section 57d (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]) provides:

"Allowance of Claims.—Claims which have been duly proved shall be allowed, upon receipt by or upon presentation to the court, unless objection to their allowance shall be made by parties in interest," etc.

True, the trustee is a party in interest; but this provision for objection to their allowance by parties in interest clearly indicates the purpose of Congress to abrogate the rule as to proceedings in bankruptcy, and provide for objections being made by parties in interest, other creditors. As before said, this was the only exception argued on the appeal from the referee, and this exception is overruled.

As to the finding of fact, the court would be loath to overrule the decision of a referee who has heard the witnesses testify, looked into their eyes, and observed their deportment on the stand, especially in a matter like this, largely local, and will not do so, except on convincing proof that the referee is wrong in his conclusions. No proof was offered to this effect on the hearing. It is not every man who testifies—takes an oath to tell the truth, the whole truth, and nothing but the truth—who observes his oath, or tells any part of the truth. Lying is easy to a man so disposed, and it is the part of attorneys by cross-examination to expose untruthfulness and of a judicial officer to note the exposure. The bankrupt and claimant both testified as to this pretended indebtedness. They produced notes signed by the one and held by the other. There may be some prejudice against them because they are Syrians; but there was evidence on the face of the notes that, notwithstanding they have different dates, they were written at the same sitting, with the same ink, and were fraudulent. The referee did not believe either the bankrupt or claimant, and no evidence has been produced which tends to satisfy this court the referee was wrong in not believing them.

The decision of the referee that the account of Joseph Hatem is not true, and that he is not entitled to any part of the estate of B. Hatem, and therefore expunges same from the list of claims filed, is therefore affirmed.