In re DOBBS.

(District Court, N. D. Georgia.   July 18, 1909.)

BANKRUPTCY (§ 399*)—EXEMPTIONS—FINANCIAL CONDITIONS—CHANGE—CONCEALMENT OF ASSETS.

> Where a bankrupt made a statement to a commercial agency on July 23, 1907, that his assets aggregated $5,750 and his total indebtedness $1,700, and his schedules filed June 11, 1908, showed his assets to be $2,000 and his total indebtedness $2,616.27, he having given no satisfactory explanation for the change and having kept no satisfactory books of account, his application for exemptions should be denied under a state law providing that a debtor shall forfeit his right to exemptions if he is guilty of fraud in concealing from his creditors any part of the property which he possesses at the time he seeks the exemption, etc.

> [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 399.*]

In Bankruptcy.   Application for exemption.

Moore & Pomeroy, for creditors.
E. H. Clay and Geo. L. Bell & Son, for bankrupt.

NEWMAN, District Judge.   I am compelled to differ with the referee as to the conclusion reached in this case.   He approved the action of the trustee in setting apart an exemption to the bankrupt of an equity in a house and lot in Marietta, valued at $1,150, and $450 in cash.

The record, to my mind, brings this case clearly within the rule stated by this court in:  In re Waxelbaum (D. C.) 101 Fed. 228;  In re Williamson (D. C.) 114 Fed. 190;  In re Stephens (D. C.) 114 Fed. 192;  and In re Boorstin (D. C.) 114 Fed. 696.

It appears from the record that the bankrupt made a statement to the R. G. Dunn Company on July 23, 1907, in which statement he represented that his assets aggregated $5,750, and his total indebtedness $1,700.   The schedules in bankruptcy, filed June 11, 1908, show his assets to be $2,000 and his total indebtedness $2,616.27.   I have gone over the evidence very carefully, and the bankrupt fails to make any satisfactory explanation of this at all.   He appears to have kept no satisfactory books of account from which the facts as to what he had done with his property and how there had been such a remarkable change in his business could be ascertained.

In the Waxelbaum Case it was said by this court:

> "The fact alone disclosed by the referee that, 11 months before the petition in bankruptcy was filed, the bankrupt had a large amount of stock and a very small amount of indebtedness, and that at the time the petition was filed he had a very large amount of indebtedness and a comparatively small amount of stock, without any more satisfactory explanation than is shown in the record in this case, would be sufficient to defeat the exemption."

Perhaps the discrepancy in this case is not so clear as it was in the Waxelbaum Case;  but it certainly is insufficient for the bankrupt, when he comes into court and asks for an exemption of $1,600 as against his creditors, to give no more satisfactory explanation of

how his financial condition underwent so great a change than is shown by the evidence here.

The action of the referee is disapproved, and the exemption denied.