## In re BAUMHAUER.

(District Court, S. D. Alabama. June 3, 1910.)

1. BANKRUPTCY (§ 228*)—REFEREE'S FINDINGS—CONCLUSIVENESS.
The findings of a referee in bankruptcy on a question of fact will not be reversed unless manifestly wrong.
[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 387; Dec. Dig. § 228.*
Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY (§ 340*)—CLAIMS—PRIMA FACIE PROOF.
A proof of claim in bankruptcy is prima facie proof of the allegations therein; but, where the proof is rebutted, the referee should disallow the claim unless further evidence to establish it is produced.
[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 527; Dec. Dig. § 340.*]

3. EVIDENCE (§ 594*)—UNCONTRADICTED TESTIMONY—CONCLUSIVENESS.
While positive and uncontradicted testimony on a hearing in bankruptcy should not be disregarded arbitrarily, it may be disregarded if it is grossly or inherently improbable.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2431; Dec. Dig. § 594.*]

4. BANKRUPTCY (§ 340*)—CLAIMS—PROOF—SUFFICIENCY.
Evidence in bankruptcy held to sustain a referee's finding disallowing a claim for borrowed money.
[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 527; Dec. Dig. § 340.*]

In the matter of W. C. Baumhauer, bankrupt. From an order of the referee disallowing J. H. Baumhauer's claim, he appeals. Affirmed.

Fitts & Leigh, for appellant.
R. H. & R. M. Smith, for objecting creditors.

TOULMIN, District Judge. It is the recognized rule of the courts of bankruptcy, that, on review of the decision of a referee based upon his conclusion on questions of fact, the court will not reverse his findings unless the same are so manifestly erroneous as to invoke the sense of justice of the court.

"He sees and hears the witnesses, and his vantage ground is much better than that of a court for determining the credibility of the witnesses and the weight of their testimony." In re Stout (D. C.) 109 Fed. 794.

In the case of Southern Pine Company v. Savannah Trust Company, the Circuit Court of Appeals of the Fifth Circuit said:

"The established rule seems to be that the findings of fact by a referee, who sees and hears the witnesses testify, have every reasonable presumption in their favor, and should not be set aside or modified unless it clearly appears that there was error or mistake." 15 Am. Bankr. Rep. 618, 141 Fed. 802, 73 C. C. A. 60.

"The District Court will not interfere with the action of the referee in bankruptcy as to his findings on facts, unless the same are manifestly erroneous." In re Waxelbaum, 101 Fed. 228. See, also, In re Stout, 6 Am. Bankr. Rep. 505, 109 Fed. 794; In re Lafleche, 6 Am. Bankr. Rep. 483, 109 Fed. 307; In re Covington, 6 Am. Bankr. Rep. 373, 110 Fed. 143; In re James

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Nassau, 14 Am. Bankr. Rep. 828, 140 Fed. 912; In re Douglas C. Kenyon, 19 Am. Bankr. Rep. 194, 156 Fed. 863.

"A referee's finding of fact that depends upon the truthfulness, not merely the accuracy of oral testimony, should be upheld unless clearly wrong." In re John R. Shriver, 10 Am. Bankr. Rep. 746, 125 Fed. 511; In re Swift, 9 Am. Bankr. Rep. 237, 118 Fed. 348; In re West, 8 Am. Bankr. Rep. 564, 116 Fed. 767.

"The findings of fact of a referee as to the validity of a claim will not be overruled, except upon convincing proof that he was wrong in his conclusions." In re Hatem (D. C.) 20 Am. Bankr. Rep. 470, 161 Fed. 895.

The contention of the claimant is that he, having filed his claim properly verified, made out his case, and that he should have been allowed his entire claim.

It is true that the claimant filed a formal proof of claim against the bankrupt estate, and it is also true that this proof of claim is prima facie evidence that the allegations made therein are correct, and this prima facie evidence must prevail until it shall be properly and successfully attacked.

In Re Castle Braid Company (D. C.) 145 Fed. 228, the court said:

"The allegations of the proof of claim are to be taken as true. If they set forth all the necessary facts to establish the claim, and are not self-contradictory, prima facie, they establish the claim, * * * and the objector is then called upon to produce evidence and show facts tending to defeat the claim of probative force equal to that of the allegations of the proofs of claim. The burden of proof is always on the claimant; but, as probative force is given to the allegations of the proof of claim, * * * this must be met, overcome, or at least equalized, by the objecting party." Whitney v. Dresser, 200 U. S. 532, 26 Sup. Ct. 316, 50 L. Ed. 584.

If there be proof of facts sufficient to rebut the prima facie proof, the referee should disallow the claim unless the claimant produces further evidence sufficient to establish his claim.

The court in the case of In re Hatem, 161 Fed. 896, said:

"As to the findings of fact, the court would be loath to overrule the decision of a referee who has heard the witnesses testify, looked into their eyes, and observed their deportment on the stand, especially in a matter like this, largely local, and will not do so, except on convincing proof that the referee is wrong in his conclusions. * * * The bankrupt and claimant both testified as to this pretended indebtedness. They produced notes signed by the one and held by the other. * * * The referee did not believe either the bankrupt or claimant, and no evidence has been produced which tends to satisfy this court the referee was wrong in not believing them."

In the case at bar the claimant, though present at the hearing, did not testify; but the bankrupt did testify in behalf of the claimant. The referee had the opportunity to see and hear him and observe his manner while testifying, which is an advantage of great value in cases of this character. This witness' testimony is in some material respects vague and uncertain, if not evasive. He stated that he borrowed $15,000 from the claimant at divers times and in divers amounts from January, 1907, to April, 1908, but that he did not remember the specific dates or months in which he obtained the money, nor did he remember the specific amount he got each time or at any one time, except in one instance when he borrowed $2,500, the date of which he did not remember. He testified that he was a merchant and kept a cashbook, but did not enter the cash obtained on said various loans on

said book, or keep any memorandum of them; that he made a note for each loan when obtained, which was taken up and destroyed when the note for the next succeeding loan was made, the amount of the prior loan or loans being included in the last note made; and that the note for $15,220, now claimed to be due, included all said prior loans. He also stated that said alleged indebtedness is not shown anywhere on his books.

On these facts and circumstances, and other facts and circumstances of probative force shown by the evidence and particularly pointed out and considered by the referee, as appears in his opinion filed in this case, his conclusion was that the claimant had not established his claim as made, and the same was disallowed by the referee as to the full amount claimed.

It is contended that the claimant's formal proof of his claim, and the bankrupt's positive testimony as to the particular fact that the former loaned to the latter the amount of money claimed, being uncontradicted by any one, the claimant is entitled to the full amount of his claim, and that the same should have been allowed; and it may be said that, to justify the referee's finding, he must have disbelieved both the claimant and the bankrupt.

While it is true that the positive testimony of an uncontradicted witness cannot be disregarded by the referee or the court arbitrarily or capriciously, yet there may be such a gross or such an inherent improbability in the statements of the witness in reference to the fact testified to as to discredit him, and to induce the court or referee to disregard his evidence in the absence of any direct conflicting testimony.

In Quock Ting v. United States, 140 U. S. 417, 11 Sup. Ct. 733, 851, 35 L. Ed. 501, the Supreme Court said:

"Undoubtedly, as a general rule, positive testimony as to a particular fact, uncontradicted by any one, should control the decision of the court; but that rule admits of many exceptions. There may be such an inherent improbability in the statements of a witness as to induce the court or jury to disregard his evidence, even in the absence of any direct conflicting testimony. He may be contradicted by the facts he states as completely as by direct adverse testimony; and there may be so many omissions in his account of particular transactions, or of his own conduct, as to discredit his whole story. His manner, too, of testifying, may give rise to doubts of his sincerity, and create the impression that he is giving a wrong coloring to material facts. All these things may properly be considered in determining the weight which should be given to his statements, although there be no adverse verbal testimony adduced."

In Lee Sing Far v. United States, 94 Fed. 838, 35 C. C. A. 331, the Ninth Circuit Court of Appeals said:

"It was for the referee, in the first instance, to determine the credibility of the respective witnesses and the sufficiency of the testimony. The witnesses are brought before him. He had the opportunity of seeing them, and noticing their manner and appearance—their freedom or hesitation in answering questions. These and other circumstances of like character are often as safe a guide as the mere language used by the witness in enabling the court to determine the truth or falsity of the testimony. It is true that a witness is presumed to speak the truth; but this presumption may be overcome and repelled by the manner in which he testifies, by his demeanor on the witness stand, by the character of his testimony, by the circumstances

and surroundings under which he testified, whether his statements are reasonable or unreasonable, the probable or improbable nature of the story he tells, * * * and his interest, if any, in the proceedings; and if from these and other circumstances the court is of opinion that his statements are false, incredible, or unsatisfactory, it has the right to reject them. Of course, this power is not an arbitrary one, and should in all cases be exercised with legal discretion and sound judgment."

I cannot assume that the referee acted arbitrarily in refusing to believe the testimony of any witness, and no evidence produced convinces me that he was wrong in his conclusions in this case.

His findings and order are affirmed.