# In re THWEATT.

## DISMUKES v. JOHNSON.

(District Court, N. D. Georgia, W. D. August 29, 1912.)

### No. 532.

BANKRUPTCY (§ 310*)—SECURED CLAIMS—PREFERENCES.

A bankrupt, knowing his insolvency, applied to the claimant for a loan, to be secured by a mortgage on the whole of his two stocks of merchandise, intending to use the money to pay his indebtedness to a bank and a kinsman, leaving his other creditors unpaid. Claimant ascertained that there were no incumbrances on either stock, then went to the stores, and, after satisfying himself by a casual examination that the goods constituted good security for the loan, made it, without making any inquiry as to the bankrupt's other indebtedness, which, if made, would have shown that the bankrupt was insolvent, and that the mortgage would result in hindering and delaying creditors other than those the bankrupt intended to pay. *Held*, that claimant was charged with such knowledge, and that the mortgage was therefore invalid as to the bankrupt's other creditors, and that the claimant was not entitled to prove his claim for the amount loaned as a secured and preferred claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 501–507; Dec. Dig. § 310.*]

In Bankruptcy. In the matter of bankruptcy proceedings of L. M. Thweatt. Objections by R. E. Dismukes, as trustee, to proof of a claim by Cliff R. Johnson as a secured and preferred claim. On petition to review a referee's order sustaining the objections. Affirmed.

Slade & Swift, Love & Fort, and Dismukes & Worsley, all of Columbus, Ga., for trustee.

Hatcher & Hatcher, of Columbus, Ga., for claimant.

NEWMAN, District Judge. This is a case similar to that of In re Walden Bros. Clothing Company, 199 Fed. 315, just decided. The principal difference in the two cases is that in the Case of Walden Bros. Company the company mortgaged its entire stock of merchandise, as well as all its choses in action, notes, and accounts due it; in this case the bankrupt mortgaged the whole of his two stocks of merchandise in Columbus, Ga. Thweatt, the bankrupt, used all of the $6,000 received from Johnson, except a trifling amount, to pay immediately his bank and his kinsman debts due them. He left a large number of creditors, as shown by his schedule in bankruptcy, wholly unprotected and unprovided for in any way. Thweatt was clearly insolvent at the time of this transaction, and he knew—must have known—that the effect of what he was doing was to delay, if not to hinder and defraud, all his other creditors, except the two he paid. This much is perfectly clear from the evidence.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

As to Johnson, these are the facts as developed by the evidence: He was approached to lend Thweatt $6,000 and take a mortgage on his two stocks of merchandise on Broad street in Columbus, Ga., as security for the same. Johnson then went to the courthouse, and with the help of his brother ascertained that there were no incumbrances on either stock of goods. He then went to each store and casually examined the stocks of goods; that is, he made no full or thorough examination at all, but simply looked over the stock. He satisfied himself, however, that the goods on hand made good security for the loan. He made no further inquiry or examination whatever into Thweatt's affairs, or his purpose in obtaining the money. When interrogated on this subject on the witness stand, the following occurred:

"Q. You knew that he [Thweatt] owed for goods? A. No, sir. Q. You did not investigate to see? A. No, sir. Q. You did not know whether it [the merchandise] was paid for or not? A. That was none of my business. Q. You did not know, and you did not care? A. No, sir."

Johnson's idea, apparently, was that, if the goods mortgaged were free from incumbrances and of sufficient value to make his loans secure, he could shut his eyes to everything else. In this he misapprehended the law, as I understand it. The transaction was such, it seems to me, as to put Johnson on inquiry. The undisputed facts show what that inquiry would have disclosed; that is, that it was Thweatt's purpose to use the borrowed money to pay two creditors only in full, leaving all the others wholly unprovided for. He would have ascertained, also, that this necessarily resulted in hindering and delaying all of Thweatt's other creditors, except the two he intended to pay. It seems to me that only ordinary and reasonable judgment and business sense called for this inquiry. Johnson's apparent view of the law was that if he did not know anything he could not be charged with anything, and not that there was a duty on his part to do what ordinary business judgment would require of him.

This case, also, is made under the law of the state, as was the Walden Bros. Case; and the law, as I have stated, put Johnson on reasonable inquiry, and charged him with all that that would have developed, provided, of course, that the surrounding facts and circumstances were such as to put him to this inquiry. I have already stated that they were.

My conclusion is that the referee correctly found: (1) That Thweatt was insolvent at the time the mortgage was given, and knew he was insolvent; (2) that the mortgage was made with the intent, certainly to delay, if not to hinder and defraud, all the other creditors, except the two he paid; (3) that the facts and circumstances surrounding the transaction were such as to put Johnson on reasonable inquiry, and that that inquiry would have developed the fact of insolvency, and of Thweatt's intentions to pay the money received from Johnson to two creditors only, and thereby hinder and delay, if not actually defraud, all others. Cer-

tainly it must be held that the evidence before the referee was sufficient to justify him in so finding.

I do not believe that any actual fraud or intentional wrong is shown on the part of Mr. Johnson, and the case is determined solely on the law of the state, to which I have referred in the Walden Case. Sections 3224 and 4530, Code of Georgia 1910.

The action of the referee is approved and confirmed.