## In re PEACOCK.

### (District Court, S. D. Georgia, S. W. D. February 10, 1913.)

BANKRUPTCY (§ 399*)—EXEMPTIONS—FORFEITURE OF RIGHT.

    A bankrupt who made a grossly false statement of his financial condition to a mercantile agency only 10 months prior to his bankruptcy, in which he claimed assets of several thousand dollars, for which he has not accounted, is not entitled to his exemption from property not paid for, and which he presumably obtained on credit by reason of such statement.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 669; Dec. Dig. § 399.*]

In Bankruptcy. In the matter of E. Julian Peacock, Jr., bankrupt. On review of order of referee allowing exemption. Reversed.

Oliver C. Hancock, of Macon, Ga., for the bankrupt.
J. R. L. Smith, of Macon, Ga., for objecting creditors.

SPEER, District Judge. In this case we have merely the finding of Wilfred C. Lane, Esq., late referee in bankruptcy, that the bankrupt is entitled to his exemption. The referee filed no report. This has occasioned a more detailed review of the evidence than is usually necessary in such cases.

It seems clear from the evidence that the bankrupt made a statement, as follows:

| Assets. | | |
|---|---:|---:|
| Merchandise | $ 6,000 | 00 |
| Notes and accounts receivable | 700 | 00 |
| Cash on hand and in banks | 700 | 00 |
| Fixtures | 2,500 | 00 |
| Other real estate | 2,000 | 00 |
| | 11,900 | 00 |

| Liabilities. | | |
|---|---:|---:|
| On open account for merchandise | 500 | 00 |
| To banks for borrowed money | 300 | 00 |
| | 800 | 00 |

This statement was made to Bradstreet & Co., a well-known business agency, on January 26, 1911, and indicated that the bankrupt had a net worth of assets amounting to $11,100. Ten months later he went into bankruptcy, and had no assets at all, but he had accumulated

---

liabilities of $4,137.24. There was a disappearance of values, and an increase of debts, in the sum of $15,237.24, all in the short period of 10 months. Of this amazing change the bankrupt makes no explanation, except the declaration that he had sold the $2,000 worth of real estate before his statement to the business agency had been made, and this fact he had forgotten. The bankrupt testified that he did not remember what his statement to the Bradstreet Agency contained; that he did not know how much he owed at that time; that he did not know what his assets were, but he added that he did not own anything at the time the statement was made in January, 1911, except the stock of goods and "fixtures." By this is meant show cases, furniture, and the like. He also admits that $6,600 of his indebtedness was for borrowed money, and the balance was made up of his obligations to creditors from whom he had bought his merchandise.

While there is no positive proof of intentional fraud upon creditors at the time the bankrupt made this statement to the Bradstreet Agency, his utter disregard of his duty to his creditors is not commendable. He knew that this statement would be published and would be considered by merchants from whom he would afterwards seek credit. His failure to make any satisfactory accounting of the large values he had received is also not commendable.

It is fairly presumable from all the facts that the values allowed him by the referee as an exemption had been obtained from creditors who have not yet been paid for their goods by means of his careless and inaccurate statement. It would not be, in the opinion of the court, in accordance with the principles of equity which control the administration of the bankruptcy law, to give him title by way of an exemption, to the property of creditors whom he had thus misled, unintentionally we may trust, and whom he has not paid.

The bankrupt, we gather from the record, is quite a young man, and to this his business errors may probably be ascribed. It is however, true that such palpable disregard of the rights of his creditors seems to make it the unavoidable duty of the court to disapprove or disallow the exemption he seeks.

The order of the referee granting it is therefore reversed.