In re HADDEN.

(District Court, S. D. Georgia, N. E. D. May 18, 1917.)

1. BANKRUPTCY ⨺399(3)—EXEMPTIONS—FORFEITURE BY CONCEALMENT OF ASSETS.

Where a bankrupt's disclosure of his property and liabilities showed that his liabilities had been largely increased and his assets depleted since he gave a statement to a mercantile agency within one year, and showed a net worth of about $230 as against a net worth of $3,250 shown by such statement, the facts showed that he had not made a full and fair disclosure of all of his property, and such nondisclosure defeated his right to his homestead exemption.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669.]

2. BANKRUPTCY ⨺400(1)—EXEMPTIONS—RULING OF REFEREE—REVIEW.

The finding of the referee as to the bad faith of one claiming exemption will not be disturbed, unless clearly erroneous.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 671, 673.]

In Bankruptcy. In the matter of G. R. Hadden. On petition for review of a finding of the referee that the bankrupt is not entitled to his homestead exemption. Affirmed.

⨺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

Hardwick & Wright, of Sandersville, Ga., for bankrupt.
Alexander & Lee, of Augusta, Ga., for objecting creditors.

SPEER, District Judge. [1] In this case exception is made to the finding of the referee to the effect that the bankrupt is not entitled to his homestead exemption. This is based on the fact that on April 12, 1915, he gave a statement to a mercantile agency that his liabilities amounted to only $900. This left his net worth $3,250. In less than a year his petition in bankruptcy was filed. Now his assets have been depleted to the extent of $500, but his liabilities have been increased by the sum of $2,447.13. His accounts receivable were only $516.06. This left him with a net worth of $230.82. This, contrasted with his report of $3,500 less than a year before, in the opinion of the referee, demanded explanation. This the record does not disclose, and the court, like the referee, is constrained to conclude that the bankrupt did not make full and fair disclosure of all the property owned by him at the time of the filing of his petition in bankruptcy. This will defeat the exemption. In re Waxelbaum (D. C.) 101 Fed. 228, opinion by Judge Newman.

[2] The finding of the referee on the act of bad faith of one claiming exemption will not be disturbed, unless clearly erroneous. In Re West (D. C.) 116 Fed. 767. See, also, In re Stephens (D. C.) 114 Fed. 192; In re Boorstin (D. C.) 114 Fed. 696; McNally v. Mulherin, 79 Ga. 614, 4 S. E. 332; Torrance v. Boyd, 63 Ga. 23, and opinion of this court in Re Peacock (D. C.) 203 Fed. 191, affirmed by Circuit Court of Appeals, Fifth Circuit, 209 Fed. 1006, 126 C. C. A. 667.

In the opinion of the court, the finding of the referee denying the exemption should be affirmed; and it will be so ordered.