### In re COOK.

District Court, D. Massachusetts. October 10, 1928.

No. 18044.

Montgomery Reed, of Boston, Mass., for trustee.

N. D. A. Clarke, of Lynn, Mass., for administrator.

MORTON, District Judge. This is a review of an order of the referee allowing the trustee's final account. The situation is unusual. The estate has paid, in addition to all expenses of administration, a 100 per cent. dividend to all creditors. There remains a small surplus, which belongs to the administrator of the bankrupt, and he also objected to certain items in the account. Only one matter is left for decision, viz. the payment to the appraisers on certain real estate in Lynn. The referee allowed them $75 each. The administrator contends that this was excessive.

The referee directed the appraisal of this real estate and appointed the appraisers on April 9, 1926, and at the same time he fixed the amount of their compensation

as above stated. Neither the creditors nor the representatives of the bankrupt received any notice of this appointment or order. On April 21, 1926, the appraisers filed their report, valuing the property at $15,396, and on May 11, 1926, the property was sold for $15,600. On August 24, 1926, the referee declared a dividend of 100 per cent. on all debts proved and made a dividend list and order, listing the various claims, and also the various fees and expenses of administration, including an item: "Appraisers, $225.00 ($75.00 each)." All parties in interest had notice of this dividend order. Under it the trustee paid the appraisers the amount stated on September 20, 1926.

The trustee's final account was filed June 11, 1927, and was allowed by the referee after hearing on June 24, 1927. The petition for review was filed June 29, 1927. It is obvious that the present review was seasonably taken with reference to the allowance of the account; but no review has been taken, bringing up either the dividend order or the order appointing appraisers and fixing their compensation.

The question whether on such facts the item in question is open to review in connection with the allowance of the trustee's account is of very considerable practical importance, and has not, so far as I am aware, been passed upon. The appellant's contention is in effect that all payments made by a trustee upon orders made by the referee, of which no formal notice was sent to creditors or parties in interest, are subject to revision in connection with the allowance of the trustee's final account, and that, if it appears that the referee's orders were erroneous, the trustee must stand the loss. It is said that this result, however hard on the trustee, and embarrassing in the administration of estate, is unavoidable, because a party ought not to be concluded by orders of which he had no notice.

The review by the District Judge of orders made by the referee is left vague by the act. Section 39a (5), 11 USCA § 67 (a) (5), merely provides in substance that the referee shall make up a certificate covering a contested matter, whenever requested to do so by parties concerned, and transmit it to the judge. The statutory provisions are enlarged and made definite by General Order 27. Neither the act nor the General Order contain any provision as to the time within which review must be claimed. In this situation it was held that a review must be requested within a reasonable time after the entry of the order. In re Grant. (D. C.) 143 F. 661. The point

has for many years been covered in this court by a bankruptcy rule. See rule 23 (old rule 15). General Order 23 provides that orders made by the referee shall recite either that notice was given or that the order was made by the consent, etc. This has been thought to be a ministerial direction, not applying to all orders of the referee, and not invalidating orders which do not comply with it. In re Abbey Press, 134 F. 51 (C. C. A. 2d); McCulloch v. Davenport Savings Bank (D. C.) 226 F. 309; Armstrong v. Fisher, 224 F. 97 (C. C. A. 8th). It would often be an extremely burdensome matter to send notices to all parties in interest; e. g., in the Ponzi Case (D. C.) 15 F.(2d) 113, there were several thousand creditors.

 I have great doubt whether this General Order was intended to require notice to creditors and other parties in interest of merely administrative directions and orders by the referee. It is the business of the trustee to protect the estate against excessive charges in such matters. In re Mexico Hardware Co. (D. C.) 197 F. 650 collecting authorities; In re Hatem (D. C.) 161 F. 895, and In re Siegel Co. (D. C.) 216 F. 943, as to position of trustee. In the rare instances in which the estate is sufficient to pay all claims and all charges against it, and there is likely to be a surplus, it is the trustee's duty to protect the interest of the bankrupt in the surplus. All the orders here in question were made after notice to the trustee and without objection by him. This was sufficient. If the bankrupt or his administrators lacked confidence in the trustee's diligence, they should have taken steps to keep themselves informed of what he did in time to make seasonable objection. I am, therefore, of opinion that the original order authorizing payment of these appraisers protects the trustee for payments made thereunder.

 Moreover, general notice was sent to all creditors of the dividend order, which included the disbursements here in question. It is said by the administrator that no such notice was sent to or received by him or his intestate. Accepting this as true, it does not invalidate the order. It would perhaps make it proper to allow review, notwithstanding the 10-day rule, if the parties seeking review were diligent, and such course appeared advisable in the interest of justice. Here nearly 10 months elapsed after the order, during which time the petitioners took no action, and the trustee made the disbursements thereby ordered.

The items in controversy must be regard-

ed as having been definitely closed, and as not reopened to dispute by reason of their inclusion in the trustee's final account. To hold otherwise would put trustees in bankruptcy in the position of making all payments from an estate absolutely at their peril, on the chance that, if objections were made to the final account and sustained, the trustee would have to refund the payments, or, in the alternative, that a great number of notices would have to be sent out, involving much labor, expense, and delay in the administration of estates. In view of practical importance of the point, I have submitted this opinion to Judge Lowell and Judge Brewster, and I am authorized to say that they concur in it.

Petition dismissed. Account confirmed.